FLORIDA FRUIT COMPANY, Appellant, v. ALLEN SHAKELFORD, et al., Appellees.

198 So. 841

En Banc

Opinion Filed December 3, 1940

Rehearing Denied December 21, 1940

*Treadwell & Treadwell,* for Appellant;

*Clyde H. Wilson,* for Appellees.

BUFORD, J.—Appeal brings for review final decree establishing and foreclosing laborers' liens on certain property of the defendant.

Both appellant and appellees propound the following question for our determination:

"Under the 1935 Mechanics Lien Law, where plaintiff entered into a verbal agreement with 'A' to clear and grub lands of plaintiff and 'A' employs laborers to perform such work, plaintiff having actual knowledge of their doing the work, and upon completion of the work plaintiff pays 'A' moneys agreed to be paid for such work, with 'A' not paying laborers moneys due them under their employment, is plaintiff liable to laborers for moneys due them in absence of written notice of intention to claim lien as prescribed in

Section 4 of the Act, even though laborers, after payment by plaintiff to 'A' did file claim of lien as provided in Section 14 of said Act?"

It is submitted that the lower court held in the affirmative. The record fails to show that the court so held.

Chapter 17097, Acts of 1935, known as the Mechanics' Lien Law, is controlling in this case.

We see no useful purpose that may be served by quoting various sections of that Act.

Our conclusion is that one of the cardinal purposes of the Act was to protect the laborer in the collection of his wages and to this end the laborer is required to give no notice to effectuate the acquisition of his lien. The only notice which he is required to give is one which must be given within 90 days after completion of his labor and which is required to extend the time within which he may bring suit to enforce his lien.

It appears that Subsection 4 of Section 5 and Subsection 8 of Section 5 clearly place the burden on the owner to ascertain that laborers' liens have been discharged by payment by the contractor or else to withhold from the contractor sufficient funds with which to pay the laborers the amounts due them and thereby discharge the liens. Subsection 4 of Section 5 protects the priority of the laborers lien over other lien-holders and Subsection 8 of Section 5 protects the laborer as against all payments made to the contractor by the owner. The pertinent part of the latter subsection is:

"The owner may pay to the contractor any money then due and payable on the direct contract: Provided, that there will remain of the contract price of said contract after payment of such money, and after deducting all money previously properly paid by the owner on said contract, a

sum sufficient to pay all amounts due or to become due (a) to laborers (including those thereafter employed), for all labor or services previously or thereafter performed by them and covered by said contract. . . ." By this provision the owner is required to at all times retain sufficient funds with which to pay laborers or to ascertain that laborers acquiring liens under the provisions of this Act have been paid.

This intent of the statute is emphasized by the provisions of Section 26, which reads:

"Section 26: Waiver of Liens. The acceptance by the lienor of an unsecured note or notes for all or any part of the amount of his demand shall not constitute a waiver of his lien therefor, unless expressly so agreed in writing, nor shall it in any way affect the period for filing the claim of lien under Section 16 hereof. Any person other than a laborer may as part of his contract waive in writing his lien under this Act, but a laborer may not waive his lien."

It may be said that this construction of the statute establishes a harsh rule but we, as a Court, are not concerned with the question of wisdom or lack of wisdom in a valid statutory enactment. It is our province only to construe the statute as it is written by the Legislature.

This statute applies to and establishes the liability of both owners and contractors entering into contracts coming within the purview of the statute and also establishes the liability of owners and employers to laborers who perform services coming within the purview of the statute and, therefore, the statute becomes as much a part of every contract or employment coming within its purview as if its provisions were written into the contract between the parties. The owner when entering into a contract may always protect himself against loss by requiring the contractor to give

sufficient bond conditioned to faithfully perform the contract and to pay all labor and material bills.

Aside from the application of the construction of the statute, *supra,* there is substantial evidence in the record tending to establish it as a fact that in this case the owner and its authorized representatives so conducted themselves in connection with the performance of the work which was the basis of this suit as to lead the laborers to believe that such laborers were in the direct employment of the owner.

For the reasons stated, the decree should be and is affirmed.

It is so ordered.

Affirmed.

TERRELL, C. J., WHITFIELD and CHAPMAN, J. J., concur.

THOMAS, J., agrees to judgment.