260 So.2d 270 (1972)
Jack P. SCHLEIFER, Appellant,
v.
ALL-SHORES CONST. AND SUPPLY CO., INC., a Florida Corporation, Appellee.
No. 71-699.
District Court of Appeal of Florida, Fourth District.
April 7, 1972.
*271 Richard V. Neill, Neill, Griffin & Jeffries Chartered, Fort Pierce, for appellant.
Robert T. Westman, of Stromire, Westman & Lintz, Cocoa, for appellee.
SACK, MARTIN, Associate Judge.
Appellant, defendant below, appeals from a final money judgment in favor of the appellee, plaintiff below, consequent upon a nonjury trial under the following state of facts:
Appellant, the owner of certain real property in St. Lucie County, Florida, entered into a construction contract with Di-Com Corporation for the construction of certain apartment buildings on the subject property. A statutory payment bond was secured with Di-Com as principal, and Fidelity and Deposit Company of Maryland as surety. There is no question that the bond conformed to the requirements of Florida Statutes, Section 713.23, F.S.A. The effect of such bond is set forth in F.S. § 713.02(6), F.S.A. reading as follows:
"In any direct contract the owner may require the contractor to furnish a payment bond as provided in § 713.23 and upon receipt of such bond the owner shall be exempt from the other provisions of parts I and II of this chapter and of chapter 85, but this does not exempt the owner from the lien of the contractor who furnishes the bond. The owner may post said bond or a copy thereof." (Emphasis supplied.)
Subsequently, Di-Com Corporation, the principal contractor, entered into a subcontact with Nuco, Inc., for the performance of certain of the work, and Nuco, in turn, entered into a sub-subcontract with the plaintiff-appellee, for the performance of part of the subcontract. However, All-Shores did not complete the performance of its contract with Nuco, but after doing part of the work on the project left the job, which was thereafter completed at a loss to Nuco. Notwithstanding, All-Shores filed an amended claim of lien in the sum of $35,000, whereupon the general contractor, with Fidelity and Deposit Company of Maryland again as the corporation surety, filed a bond in the sum of $41,300 to transfer the All-Shores lien from the *272 property to the bond pursuant to F.S. § 713.24, F.S.A.
Thereafter, the instant suit was filed by All-Shores against the property owner, claiming a mechanic's lien, foreclosure of the lien, or alternatively for money damages. After trial, the trial court found that All-Shores was entitled to a mechanic's lien in the sum of $10,000 and, although recognizing that the lien had been transferred to the bond filed pursuant to F.S. § 713.24, F.S.A., the court entered a money judgment against the appellant-property owner. The trial court did not consider the exemption afforded the owner by virtue of his having secured the payment bond under F.S. § 713.23, F.S.A., nor did it rule upon the effect of the bond filed pursuant to F.S. § 713.24, F.S.A., nor did it take into consideration that the appellee, as sub-subcontractor was not in privity with the property owner, and disregarded the breach of its sub-subcontract by the appellee. The money judgment against the appellant was evidently based on some theory of quantum meruit for the amount of work done by All-Shores, notwithstanding its breach of the sub-subcontract and resultant loss to the subcontractor, Nuco, Inc., or the general contractor, Di-Com Corporation.
We reverse.
In the first place, we think that securing of the payment bond pursuant to F.S. § 713.23, F.S.A., exempted the property owner and the property from direct liability. Appellee argues that the provision in F.S. § 713.02(6) F.S.A., that the "owner may post said bond or copy thereof," requires some physical attachment on the premises. We do not so construe the section. The exemption is complete upon obtaining the bond. The added sentence concerning posting is purely permissive, and the exemption is not made contingent upon such posting. Nor is there any mention of where or how the posting is to be effected. Appellee's further contention that there was no proof that the surety was authorized to do business in Florida is without merit, since no such objection was raised by the appellee when the bond was offered in evidence.
Secondly, upon the filing in the clerk's office of the bond, pursuant to F.S. § 713.24, F.S.A., the lien was effectively removed from the property, and the sole remedy was upon the bond.
We pretermit any ruling upon the question of whether a sub-subcontractor is entitled to a mechanic's lien under the terms of the Mechanic's Lien Law.
Moreover, upon any retrial of this action, any amendment to the pleadings and joinder of the principals and surety on the several bonds, consideration must be given to the damages caused by the appellee's breach of its sub-subcontract.
Accordingly, the judgment of the lower court is reversed, with directions to vacate the judgment and for further proceedings not inconsistent with this opinion.
Reversed, with directions.
REED, C.J., and OWEN, J., concur.