323 So.2d 282 (1975)
The DELTONA CORPORATION, by and through Its Division, Imperial Lumber, Appellant,
v.
INDIAN PALMS, INC., Appellee.
No. 74-1460.
District Court of Appeal of Florida, Second District.
December 19, 1975.
*283 William S. Blakeman, Campbell, Dunlap, Coward & Blakeman, Lakeland, for appellant.
Wayne Thomas, Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, for appellee.
McNULTY, Chief Judge.
Appellant-materialman's duly filed mechanic's lien was transferred from appellee-owner's real property to a surety deposit bond fully covering the lien pursuant to § 713.24(1), F.S. 1973. In this suit subsequently filed to foreclose the lien, the trial court dismissed appellee-owner and ordered joinder of New Hampshire Insurance Company, the surety on the aforesaid bond, on the grounds that appellee-owner was no longer a proper party to the action. We agree and affirm.
Appellant's complaint filed herein alleges that it furnished materials to Total Sales, Inc., the general contractor, for the construction of improvements on appellee's lands. Privity with the owner was not alleged. It follows, therefore, that absent the provisions of the mechanic's lien law[1] appellant would have no cause of action directly against appellee-owner. Moreover, the express remedy afforded one in its position under the mechanic's lien law is to allow him to impress a lien on the improved real property to the extent of the value of the improvements. In a suit to foreclose such a lien, then, the owner is a necessary and proper party only to satisfy due process as to him since his property, the res securing the lien, is in jeopardy.
Now obviously the purpose of § 713.24, supra, is to permit any owner, whether or not he is in privity with a lienor, to remove the cloud of a lien from his property against which the lien is impressed; and he may do so either before or after suit. But with respect to a lienor not in privity with the owner, his entitlement to the benefits of his lien is dependent not upon any rights or equities flowing as between him and the owner but, rather, those as between him and the parties with whom he was in privity, in this case the general contractor. Thus if the benefits of the lien are fully secured by the bond provided for under § 713.24, supra, and they are here, then we think, and so hold, that the owner is no longer a necessary party[2] nor is he a proper party, at his option, if he chooses not to contest the amount of the lien.
The decision of our sister court in the Fourth District in the similar case of Schleifer v. All-Shores Construction and Supply Company[3] cited by appellee is consistent with our holding this day but not controlling. That court did not consider nor did it decide the question of whether an owner with whom a lienor is not in privity is a necessary and proper party against whom a foreclosure judgment must be obtained as a condition precedent to proceeding against a transfer bond filed pursuant to § 713.24, supra. We are directly faced with that question and think not.
In view whereof, the judgment appealed from should be, and it is hereby, affirmed.
HOBSON and SCHEB, JJ., concur.
NOTES
[1] Chapter 713, F.S. 1973.
[2] Our answer would be different, of course, if the owner was in privity with the lienor for the reason that should he fail in establishing all or part of his lien he would still have a viable in personam claim against the owner. Cf. Emery v. International Glass & Mfg., Inc. (Fla.App.2d, 1971), 249 So.2d 496.
[3] (Fla.App. 4th, 1972), 260 So.2d 270.