329 So.2d 411 (1976)
H. McGUIRE et al., Appellants,
v.
CONSOLIDATED ELECTRICAL SUPPLY, INC., a Florida Corporation, Appellee.
No. 75-54.
District Court of Appeal of Florida, Fourth District.
April 2, 1976.
Ralph Paul Douglas, Pompano Beach, for appellants H. McGuire and Marilyn McGuire.
*412 Richard A. Sherman, Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara, Miami, for appellant Royal Globe Ins. Co.
Kenneth W. Wright, Sutton, Wright & Smith, Orlando, for appellee.
DOWNEY, Judge.
Appellants H. McGuire and Marilyn McGuire owned a tract of land in Broward County, Florida, which they conveyed to McGuire Development Corporation on April 13, 1973. Just prior to that time appellee, a materialman, commenced furnishing materials to a subcontractor for the improvement of a portion of said tract.
On April 25, 1973, McGuire Development Corporation as owner filed a "notice of commencement." On May 4, 1973, appellee sent to appellants Mr. and Mrs. McGuire a "notice to owner" stating that it was furnishing material to the job. On October 25, 1973, appellee filed a claim of lien stating the property was owned by Mr. and Mrs. McGuire. Suit was commenced against the McGuires to foreclose the mechanic's lien and in due course the lien was transferred to a bond posted by the owner of the property, McGuire Development Corporation. Appellant Royal Globe Insurance Company, the surety on the said bond, was made a party defendant.
Although on numerous occasions appellee was put on notice that appellants Mr. and Mrs. McGuire were not the owners of the property, the true owner, McGuire Development Corporation, was never made a party to the suit. The case went to trial against the appellants (Mr. and Mrs. McGuire and Royal Globe Insurance Company), and final judgment was entered against them for $7076.51.
Since appellee was a materialman furnishing materials to a subcontractor and there was no privity of contract between appellee and either the appellants or McGuire Development Corporation, appellee can only prevail by proving it was entitled to foreclose a mechanic's lien against the property in question. But regarding, arguendo, appellee's lien as valid, the lien could not be successfully foreclosed unless the property owner was made a party to the suit. It is appropriate here to point out that nowhere in this litigation did appellee suggest any fraud on the part of Mr. and Mrs. McGuire, nor did it attempt to pierce the corporate veil of McGuire Development Corporation. So we are faced with a judgment against Mr. and Mrs. McGuire individually by one not in privity with them arising out of an alleged mechanic's lien on property owned by a corporation not a party to the suit. In no event was appellee entitled to a judgment against Mr. and Mrs. McGuire. Even if appellee had been successful in proving its entitlement to a lien against the property in question, it would have no right in this case to subject the McGuires individually to a judgment.
We also hold the judgment against the bonding company was improper. The record shows the property was owned by the McGuire Development Corporation, which is not a party to the suit. In order to remove the lien from its property McGuire Development Corporation put up a bond with appellant Royal Globe Insurance Company as surety. Appellee thereupon made the surety a party to the suit without the principal being made a party. Ordinarily, the liability of a surety is measured by the liability of the principal. The surety liability is generally coextensive with that of the principal. 30 Fla.Jur., Suretyship & Guaranty, § 14. Since the bond was never offered in evidence we cannot determine whether appellee could maintain this suit against the surety without the principal being made a party. In any event, the removal of a mechanic's lien from property by a bond pursuant to § 713.24, F.S. 1973, does not change the lien claimant's burden to prove he is entitled to payment under the mechanic's lien law. See Kleinman v. Bal Harbour Towers, Inc., Fla. 1967, 198 So.2d 830.
*413 Accordingly, the judgment against appellants H. McGuire and Marilyn McGuire, his wife, and Royal Globe Insurance Company, is reversed with directions to enter judgment in favor of appellants.
WALDEN, C.J., and OWEN, J., concur.