LETTS, Judge.
Appellant takes a timely appeal from a final summary judgment granting foreclosure of a valid mechanic’s lien against appellant’s property.
This cause is reversed.
The facts are that a subcontractor filed a mechanic’s lien foreclosure suit on February 4th, 1974, naming both the general contractor and the owner of the real estate as defendants. The subcontractor was in privity only with the general contractor, and not with the owner. Thereafter, some four months later, on May 28th, 1974, before service was perfected and long before the entry of the summary judgment, the owner transferred the lien to bond, pursuant to Florida Statutes § 713.24, the material portion which reads:
*784 713.24 Transfer of liens to security
(1) Any lien claimed under part I of this chapter may be transferred, by any person having an interest in the real property upon which the lien is imposed or the contract under which the lien is claimed, from such real property to other security by either: .
(b) Filing in the clerk’s office a bond executed as surety by a surety insurer licensed to do business in this state, either to be in an amount equal to the amount demanded in such claim of lien plus interest thereon at 6 percent per year for 3 years plus $100 to apply on any court costs which may be taxed in any proceeding to enforce said lien. Such deposit or bond shall be conditioned to pay any judgment or decree which may be rendered for the satisfaction of the lien for which such claim of lien was recorded and costs not to exceed $100. Upon making such deposit or filing such bond the clerk shall make and record a certificate showing the transfer of the lien from the real property to the security and mail a copy thereof by registered or certified mail to the lienor named in the claim of lien so transferred at the address stated therein. Upon filing the certificate of transfer the real property shall thereupon be released from the lien claimed and such lien shall be transferred to said security.
Notwithstanding this transfer, the court entered a summary final judgment in favor of the mechanic’s lienor and the appellee now urges that any right to so transfer is extinguished unless it is perfected prior to any suit being filed. We disagree, can see no rationale for the distinction, and the Statute cited does not so limit the ability to transfer. As was succinctly stated by Judge McNulty in Deltona Corporation v. Indian Palms, Inc., 323 So.2d 282 (Fla. 2nd DCA 1975):
Now obviously the purpose of § 713.24, supra, is to permit any owner, whether or not he is in privity with a lienor, to remove the cloud of a lien from his property against which the lien is impressed; and he may do so either before or after suit.
(Emphasis supplied).
Further, although the point at issue here is not the same, we would refer to an opinion by this very court in McGuire v. Consolidated Electrical Supply, 329 So.2d 411 (Fla. 4th DCA 1976), where the facts revealed that
Suit was commenced against the McGuires to foreclose the mechanic’s lien and in due course the lien was transferred to a bond posted by the owner of the property. (Emphasis supplied).
In the light of the foregoing, we do not consider it necessary to consider the other point on appeal.
Reversed for further proceedings consistent with this opinion.
DAUKSCH, J., and SCHWARTZ, ALAN R., Associate Judge, concur.