PER CURIAM.
The Schonfelds seek review by certiorari of an order requiring them to increase the amount of their “transfer bond” to insure attorney’s fees for Hughes in Hughes’ suit to foreclose on a mechanic’s lien.
Hughes, a building supply company, sued the Schonfelds, owners of a shopping center, to foreclose on a mechanic’s lien of $4,013.05. Pursuant to Section 713.24(1), Florida Statutes, the Schonfelds filed a surety bond with the court and transferred Hughes’ lien from the shopping center to the bond. Although the amount of the bond is not indicated in the record, Section 713.24(l)(b) specifies that the amount shall be “equal to the amount demanded in such claim of lien, plus interest thereon at six per cent per year for three years plus $100 to apply on any court costs which may be taxed in any proceeding to enforce said lien.” That subsection further provides: “Such deposit or bond shall be conditioned to pay any judgment or decree which may be rendered for the satisfaction of the lien for which such claim of lien was recorded, and costs not to exceed $100.” The prevailing party in a mechanic’s lien action is entitled to attorney’s fees, to be taxed as part of his costs, pursuant to Section 713.29.
Hughes filed a motion requesting the court to require the Schonfelds to post “additional security” to cover fees for the services of Hughes’ attorney. The motion relied upon Section 713.24(3), which provides:
Any party having an interest in [the] security or the property from which the lien was transferred may at any time, and any number of times, file a complaint in chancery in the circuit court of the county where such security is deposited for an order to require additional security, reduction of security, change or substitution of sureties, payment or discharge thereof or any other matter affecting said security.
The trial court granted the motion and ordered the Schonfeld’s bond increased by $3,000.00. The Schonfelds then petitioned this Court for a writ of certiorari.
Certiorari will not lie unless the ruling below departs from essential requirements of law and will cause a material injury, throughout the remainder of the proceedings, for which there will be no adequate remedy on appeal. See, Dairyland Insurance Company v. McKenzie, et al., 251 So.2d 887 (Fla. 1st DCA 1971). Such is the case here.
The mechanic’s lien statute creates a mechanism beneficial to both sides in a lien dispute; a defendant may unencumber his property while the plaintiff may obtain his judgment from a cash or surety bond. Section 713.24(l)(b) requires that the amount of the bond be computed by considering the amount of the claim, interest, and a maximum of $100 in costs. The statute does not provide that the trial court may consider the possibility of an award of lienholder’s attorney’s fees when determining the amount of the bond. Such a practice would be speculative at best. Here, the record does not reveal the basis for the trial court’s determination that $3,000.00 would be a reasonable fee in this case. Further, Hughes’ statutory interpretation that Section 713.24(3) may permit it to require “additional security” to cover prospective attorney’s fees would have the effect of insuring plaintiff’s attorney’s fees without providing such insurance for defendants, although either party may eventually prevail and be entitled to fees pursuant to Section 713.29.
Requiring the Schonfelds to post a bond to cover Hughes’ prospective attorney’s fees is a departure from the essential requirements of law. Because the issue is collateral to the merits of the case, the order below creates an injury for which the *326 Schonfelds will have no remedy on appeal. Accordingly, the writ is granted, the order of the trial court is vacated, and the cause is remanded for further proceedings not inconsistent with this opinion.
The petitioners’ motion for attorney’s fees on appeal is denied without prejudice to refile the motion in circuit court, should petitioners finally prevail in this action. Section 713.29, Florida Statutes.
MILLS, C. J., and LARRY G. SMITH, J., concur.
BOOTH, J., dissents.