417 So.2d 692 (1982)
BRICKELL BAY CLUB, INC., etc., et al., Appellants,
v.
Pansy K. USSERY, As Personal Representative of the Estate of Aubrey W. Ussery, Deceased, and Alvin Ussery d/b/a Ussery's Cement, Appellees.
Pansy K. USSERY, As Personal Representative of the Estate of Aubrey W. Ussery, Deceased, and Alvin Ussery d/b/a Ussery's Cement, Appellants,
v.
BRICKELL BAY CLUB, INC., etc., et al., Appellees.
Nos. 80-1441, 81-424 and 81-837.
District Court of Appeal of Florida, Third District.
June 15, 1982.
Rehearing Denied August 18, 1982.
*693 Hall & Hauser and Richard F. O'Brien, III, Miami, for Brickell Bay Club, Inc.
Walton, Lantaff, Schroeder & Carson and N. James Turner and George W. Chesrow and Randall W. Dillard and Kathleen O'Connor, Miami, for Pansy K. Ussery.
Before BARKDULL and DANIEL S. PEARSON and FERGUSON, JJ.
BARKDULL, Judge.
In 1973, Brickell Bay Club, Inc., as owner, was developing a condominium project in Dade County, Florida. The general contractor was Samuel Weintraub, Inc., d/b/a as Weintraub Construction Co. The general contractor employed Ussery Cement Finishing Company, which was a partnership of the Ussery brothers (one of whom is now deceased) to do certain of the concrete work on the project. On October 16, 1975 Ussery filed a notice to owner and a mechanic's lien.[1] The lien was subsequently, prior to suit, transferred to bond pursuant to Section 713.24, Florida Statutes (1975). A foreclosure of lien action was commenced. At the final hearing the trial court permitted the claim of lien to be amended to set forth a different date as to the last day work was performed on the project. The trial court then entered a final judgment of foreclosure of mechanic's lien, reserving the right to fix attorney's fees and costs at a later hearing.
The owner appealed the final judgment of foreclosure in Case No. 80-1441. Subsequently, the trial court, upon various motions being filed, awarded attorney's fees, interest and costs, and refused to increase the amount of the security bond. This ruling is the subject of appeal in Case No. 81-424. While this appeal was pending, Weintraub Construction Company, Inc. (not a party in the trial court) moved to clarify the order with respect to attorney's fees and costs to show that it did not apply to it, alleging it was not formed until 1978, two years after the law suit began. The trial court granted this relief but went beyond the relief sought and vacated the award of attorney's fees and costs as to Weintraub Construction Co. The plaintiffs then took an appeal from this order, which is filed under Case No. 81-837.[2]
*694 We affirm the order of the trial court permitting an amendment to the notice of lien, no evidence as to prejudice having been tendered by the owner. Florida New Deal Co. v. Crane Co., 142 Fla. 471, 194 So. 865 (1940); Rapidek Industries, Inc. v. Summit Ins. Co. of New York, 318 So.2d 425 (Fla. 3d DCA 1975); Adobe Brick and Supply Co. v. Centrex-Winston Corp., 270 So.2d 755 (Fla. 3d DCA 1972).
We affirm the entry of the final judgment of foreclosure of the mechanic's lien and sustain the award of attorney's fees. We do reverse so much of the order that vacated the award of attorney's fees against Weintraub Construction Co., and reinstate the original judgment in this regard.
As to the failure to increase the security bond to which the lien was transferred, we reverse. At the time the lien was transferred to bond, the statute authorizing the transfer read as follows:
713.24 Transfer of liens to security. 
(1) Any lien claimed under part I of this chapter may be transferred, by any person having an interest in the real property upon which the lien is imposed or the contract under which the lien is claimed, from such real property to other security by either:
(a) Depositing in the clerk's office a sum of money, or
(b) Filing in the clerk's office a bond executed as surety by a surety insurer licensed to do business in this state,
either to be in an amount equal to the amount demanded in such claim of lien plus interest thereon at 6 percent per year for 3 years plus $100 to apply on any court costs which may be taxed in any proceeding to enforce said lien. Such deposit or bond shall be conditioned to pay any judgment or decree which may be rendered for the satisfaction of the lien for which such claim of lien was recorded and costs not to exceed $100. Upon making such deposit or filing such bond the clerk shall make and record a certificate showing the transfer of the lien from the real property to the security and mail a copy thereof by registered or certified mail to the lienor named in the claim of lien so transferred at the address stated therein. Upon filing the certificate of transfer the real property shall thereupon be released from the lien claimed and such lien shall be transferred to said security. The clerk shall be entitled to a fee for making and serving the certificate in the sum of $2. Any number of liens may be transferred to one such security.
The statutes further provided that the bond could be increased. See: Section 713.24(3), Florida Statutes (1975), which reads as follows:
(3) Any party having an interest in such security or the property from which the lien was transferred may at any time, and any number of times, file a complaint in chancery in the circuit court of the county where such security is deposited for an order to require additional security, reduction of security, change or substitution of sureties, payment or discharge thereof or any other matter affecting said security.
All statutes in effect upon the date of the execution of a contract are a part of the contract. Florida Fruit Company v. Shakelford, 145 Fla. 216, 198 So. 841 (1940); 22 Fla.Jur., Mechanics' Liens § 19 (1982 Supp.). The surety company, Continental Casualty Company, at the time it entered into the undertaking transferring the lien to bond was on notice that the amount of the bond could be increased. Counsel urges that the trial court was correct in denying the increase in bond, relying on Schonfeld v. Hughes Supply, Inc., 392 So.2d 324 (Fla. 1st DCA 1981). We find this case not to be controlling as it involved a request to increase a bond when the amount in question was still unliquidated. Tuttle/White Constructors, Inc. v. Hughes Supply, Inc., 371 So.2d 559 (Fla. 4th DCA 1979).
In the instant case, all amounts due were liquidated at the time the trial judge entered *695 the order denying the motion to increase the bond, although it was apparent on the record that monies due the plaintiff exceeded the amount of the bond previously posted. Although the motion may have been premature when filed, it was timely when denied and the bond should have been increased to cover the total amount awarded. The lienor originally had a lien against a substantial asset, a multiple unit condominium development. The owner elected to transfer the lien to bond, the lienor was entitled to a bond sufficient to guaranty his payment the same as he would have been if the lien had not been transferred but remained an encumbrance against the real estate.[3]
Therefore, for the reasons above stated the final judgment of foreclosure, which is the subject matter of Case No. 80-1441, is affirmed. The order awarding attorney's fees, which is the subject matter of Case No. 81-424, is affirmed. The order striking Weintraub Construction Co. which is under consideration in Case No. 81-837, is reversed and vacated. The order refusing to increase the bond, which is also under review in Case No. 81-424, be and the same is hereby reversed with directions to the trial court to further consider the motion to increase bond and to enter an appropriate order thereon.
Affirmed in part; reversed in part, with directions.
NOTES
[1] The mechanic's lien law of 1975 is applicable to this case.
[2] The same record was used for all appeals, and the oral argument was consolidated and all three appeals are being disposed of by this opinion and decision.
[3] It is recognized, that it might be possible in some instances that the real estate would be worth less than the claim, but this possibility should not prevent a full recovery against the substituted collateral in those situations like the instant case.