528 So.2d 1250 (1988)
Barry MESCH and Caryl Mesch, His Wife, and El-Don, Inc., Appellants,
v.
Pat BERRY, d/b/a Berry Construction, Appellee.
No. 87-1339.
District Court of Appeal of Florida, First District.
July 19, 1988.
Rehearing Denied August 26, 1988.
*1251 Milton H. Baxley, II, Gainesville, for appellants.
Bruce Hoffman, Gainesville, for appellee.
ERVIN, Judge.
In this appeal from a judgment recovered by Berry, the subcontractor in a mechanic's lien action, El-Don, the general contractor, contends that the judgment entered against it for breach of contract is contrary to the parties' contractual agreement, and the Mesches, the homeowners, argue that the judgment assessing attorney's fees against them on Berry's suit to foreclose a mechanic's lien on their real property was error, because, once the general contractor caused the lien to be transferred to a cash bond, the homeowners could no longer be considered necessary or proper party defendants to the suit. We affirm as to the first point raised and reverse as to the latter and remand.
The general contractor and the subcontractor entered into a contract for improvements to the Mesches' home, whereby the sub agreed to do all needed carpentry and wood work pursuant to the following terms: "Work to be done at cost plus 30% on top of labor." Berry thereafter commenced work and billed El-Don weekly for the work performed. The first bill submitted set forth the amounts paid for both the materials furnished and wages, as well as Berry's expenses for social security, state and federal unemployment taxes, and state workers' compensation insurance premiums. Three of the six bills presented to El-Don were paid as presented.
This controversy arose when El-Don refused to pay the remaining three bills, disputing the items billed by Berry for social security and unemployment taxes, and workers' compensation insurance premium expenses. Thereafter Berry filed his claim of lien against the property improved, which was then transferred to a cash bond by El-Don. Subsequently Berry filed a two-count complaint against the Mesches and El-Don, seeking in Count I the enforcement of the lien as to Mesches, and in Count II damages for breach of contract as to El-Don.
Addressing first the question of Berry's recovery of damages for breach of contract against El-Don, the primary issue presented is what the parties intended by the use of the contractual terms, "Work to be done at cost plus 30% on top of labor." El-Don contends that this language is clear and unambiguous, therefore it had no obligation to pay the submitted taxes and insurance premiums as part of Berry's labor costs. We cannot agree. The total amounts billed for the disputed items represented 24% of the total wages paid by Berry. Berry argued, and the lower court agreed, that these amounts were part of Berry's direct labor costs, which El-Don was contractually required to pay. The court's interpretation of the parties' agreement is consistent with their course of conduct. Three of the bills presented were, as stated, paid by El-Don without protest. Additionally, Berry testified that he and his crew had worked for El-Don on another construction project and had similarly billed it for both unemployment taxes and workers' insurance premium-expenses.
A well-established rule of contract construction is that the actions of the parties may be considered as a means of determining their intentions if the language used does not clearly disclose their purpose. See Lalow v. Codomo, 101 So.2d 390 (Fla. 1958); 11 Fla.Jur.2d Contracts § 112 (1979). We conclude that the parties' course of conduct supports the interpretation placed by the court upon the term *1252 "labor" as used in the contract, and therefore affirm the judgment assessing damages against El-Don for breach of contract.
We agree, however, that the trial court erred in denying the Mesches' motion to dismiss count I of the complaint which sought to enforce Berry's Mechanic's lien against them. More than a month before Berry filed his suit, the general contractor had deposited a cash bond with the clerk of the circuit court in the form of a cashier's check, thereby removing the lien from the property of the Mesches. Once the general contractor transferred the claim of lien from the real property to the bond, pursuant to the provisions of Section 713.24(1), Florida Statutes (1985), the Mesches, who were neither parties to the contract between El-Don and Berry, nor principals on the bond, should have been dismissed as party defendants to the action. See Resnick Developers South, Inc. v. Clerici, Inc., 340 So.2d 1194 (Fla. 4th DCA 1977); Deltona Corp. v. Indian Palms, Inc., 323 So.2d 282 (Fla. 2d DCA 1975); Schleifer v. All-Shores Construction and Supply Co., 260 So.2d 270 (Fla. 4th DCA 1972).
Berry responds, however, that later case law authority authorizes an attorney's fee in excess of the amount of the payment bond provided in section 713.24(1)(b) (an amount equal to the amount demanded in the claim of lien, together with interest and court costs not to exceed $100), as an unsecured judgment against the owner. See Symons Corp. v. Tartan-Lavers Delray Beach, 456 So.2d 1254 (Fla. 4th DCA 1984), holding that Section 713.24, Florida Statutes, does not prevent an award of an unsecured judgment for attorney's fees against the owner of the real estate. See also Gulf Stream Pump and Equipment Co. v. Grosvenor Development, Inc., 487 So.2d 330 (Fla. 2d DCA 1986); Brickell Bay Club, Inc. v. Ussery, 417 So.2d 692 (Fla. 3d DCA 1982). The facts in the above cases are, however, distinguishable from those at bar. Symons involved an owner of real property who was also the general contractor, the developer of the construction project and the principal on the bond, and Grosvenor Development, Inc., does not state the facts of the case, but merely affirms the trail court on the authority of Symons. Finally, it appears from the facts recited in Brickell Bay Club that the property owner was also the principal on the transfer bond.
In our judgment the facts at bar are controlled by the following rule stated in Deltona Corp.:
In a suit to foreclose such a lien ... the owner is a necessary and proper party only to satisfy due process as to him since his property, the res securing the lien, is in jeopardy.
Now obviously the purpose of § 713.24, supra, is to permit any owner, whether or not he is in privity with a lienor, to remove the cloud of a lien from his property against which the lien is impressed; and he may do so either before or after suit. But with respect to a lienor not in privity with the owner, his entitlement to the benefits of his lien is dependent not upon any rights or equities flowing as between him and the owner but, rather, those as between him and the parties with whom he was in privity, in this case the general contractor. Thus if the benefits of the lien are fully secured by the bond provided for under § 713.24, supra, and they are here, then we think, and so hold, that the owner is no longer a necessary party nor is he a proper party, at his option, if he chooses not to contest the amount of the lien.
323 So.2d at 283 (footnote omitted) (emphasis in original).
Therefore, once a claim of lien is fully secured by a transfer bond in the amount provided for in the statute, as it was below, an owner is neither a necessary nor a proper party to a mechanic's lien action, if the owner is not in privity with the lienor or a principal on the bond. The subcontractor in the present case was not without, however, a remedy against the bond. If Berry had pursued his action to foreclose the mechanic's lien against El-Don, the principal on the bond, he could then have obtained, consistent with the language in Symons Corp., an unsecured judgment *1253 against El-Don for attorney's fees, if the amount deposited were insufficient to cover its litigation costs. Moreover, if the subcontractor were concerned about the amount of the bond, he could have sought, pursuant to the provisions of section 713.24(3), an order requiring additional security. Having proceeded solely against the owners of the real property, who were neither in privity with Berry nor principals on the bond, Berry consequently had no cause of action against them to enforce his lien, once the transfer bond was posted in an amount complying with the provisions of section 713.24.
AFFIRMED in part, REVERSED in part and REMANDED for further consistent proceedings.
BOOTH and WENTWORTH, JJ., concur.