FASTRACK APPEAL
PER CURIAM.
The appellant-subcontractor brought a cause of action against the contractor and its surety to establish and to foreclose a mechanic’s lien. It also requested costs and attorney’s fees against the appellee-owner of the property to the extent they exceeded the amount secured by the surety bond. The trial court granted the motion to dismiss with prejudice. We affirm.
The issue is whether there can be an award of an unsecured judgment for attorney’s fees and costs against the owner of real estate when the lien has been transferred to a bond.
Section 713.24 Florida Statutes (1987) concerns transfer bonds. It provides:
713.24 Transfer of liens to security.
(1) Any lien claimed under part I may be transferred, by any person having an interest in the real property upon which the lien is imposed or the contract under which the lien is claimed, from such real property to other security by either:
(a) Depositing in the clerk’s office a sum of money, or
(b) Filing in the clerk’s office a bond executed as surety by a surety insurer licensed to do business in this state, either to be in an amount equal to the amount demanded in such claim of lien, plus interest thereon at the legal rate for three years, plus $500 to apply on any court costs which may be taxed in any proceeding to enforce said lien. Such deposit or bond shall be conditioned to pay any judgment or decree which may be rendered for the satisfaction of the lien for which such claim of lien was recorded. Upon making such deposit or filing such bond, the clerk shall make *506 and record a certificate showing the transfer of the lien from the real property to the security and shall mail a copy thereof by registered or certified mail to the lienor named in the claim of lien so transferred, at the address stated therein. Upon filing the certificate of transfer, the real property shall thereupon be released from the lien claimed, and such lien shall be transferred to said security. The clerk shall be entitled to a fee for making and serving the certificate, in the sum of $10. If the transaction involves the transfer of multiple liens, an additional charge of $5 for each additional lien shall be charged. For recording the certificate and approving the bond, the clerk shall receive his usual statutory service charges as prescribed in section 28.24. Any number of liens may be transferred to one such security.
(2) Any excess of the security over the aggregate amount of any judgments or decrees rendered plus costs actually taxed shall be repaid to the party filing the same of his successor in interest. Any deposit of money shall be considered as paid into court and shall be subject to the provisions of law relative to payments of money into court and the disposition of same.
(3) Any party having an interest in such security or the property from which the lien was transferred may at any time, and any number of times, file a complaint in chancery in the circuit court of the county where such security is deposited, or file a motion in a pending action to enforce a lien, for an order to require additional security, reduction of security, change or substitution of sureties, payment of discharge thereof, or any other matter affecting said security.
(4) If no proceeding to enforce a transferred lien shall be commenced within the time specified in section 713.22 or if it appears that the transferred lien has been satisfied of record, the clerk shall return said security upon request of the person depositing or filing the same, or the insurer.
This statute provides that a claimant may bring an action to foreclose a mechanic’s lien against both the owner and the surety on the bond to which the claim on the property has been transferred. While the owner is generally considered a necessary and proper party in an action to foreclose a mechanic’s lien against his property, it appears that the Florida courts are in conflict as to whether the owner is a necessary party in an action to recover upon the bond to which the lien has been transferred.
In Deltona Corp. v. Indian Palms, Inc., 323 So.2d 282 (Fla. 2d DCA 1975), the Second District Court of Appeal permitted the owner to be dismissed from an action upon the bond where the sole relief sought by the claimant (not in privity with the owner) was a recovery on the bond. The court noted that an owner could not be dismissed from the action if the complainant was in privity with him. This is because a lienor in privity with the owner has a viable in personam claim or a right to a personal money judgment against the owner, even if he fails to establish part or all of his mechanics’ lien claim;
Appellant-materialman’s duly filed mechanic’s lien was transferred from appel-lee-owner’s real property to a surety deposit bond fully covering the lien pursuant to section 713.24(1), F.S.1973. In this suit subsequently filed to foreclose the lien, the trial court dismissed appellee-owner and ordered joinder of New Hampshire Insurance Company, the surety on the aforesaid bond, on the grounds that appellee-owner was no longer a proper party to the action. We agree and affirm.
[1] Appellant’s complaint filed herein alleges that it furnished materials to Total Sales, Inc., the general contractor, for the construction of improvements on ap-pellee’s lands. Privity with the owner was not alleged. It follows, therefore, that absent the provisions of the mechanic’s lien law appellant would have no cause of action directly against appellee-owner. Moreover, the express remedy afforded one in its position under the mechanic’s lien law is to allow him to impress a lien on the improved real property to the extent of the value of the *507 improvements. In a suit to foreclose such a lien, then, the owner is a necessary and proper party only to satisfy due process as to him since his property, the res securing the lien, is in jeopardy.
[2, 3] Now obviously the purpose of section 713.24, supra, is to permit any owner, whether or not he is in privity with a lienor, to remove the cloud of a lien from his property against which the lien is impressed; and he may do so either before or after suit. But with respect to a lienor not in privity with the owner, his entitlement to the benefits of his lien is dependent not upon any rights or equities flowing as between him and the owner but, rather, those as between him and the parties with whom he was in privity, in this case the general contractor. Thus, if the benefits of the lien are fully secured by the bond provided for under section 713.24 supra, and they are here, then we think, and so hold, that the owner is no longer a necessary party nor is he a proper party, at his option, if he chooses not to contest the amount of the lien.
Id. at 283. This court in Schleifer v. All-Shores Construction and Supply Co., 260 So.2d 270 (Fla. 4th DCA 1972), espoused the same view enunciated in Deltona, as did Resnick Developers South, Inc. v. Clerici, Inc., 340 So.2d 1194 (Fla. 4th DCA 1977).
Somewhat to the contrary is this court’s decision in McGuire v. Consolidated Electrical Supply, Inc., 329 So.2d 411 (Fla. 4th DCA 1976), where this court held that the owner of the property was a necessary party to an action upon a bond which he furnished to transfer the lien from it. The court reasoned that since the owner was a necessary party to an action to enforce the lien, he was also a necessary party to an action upon the bond. There is, however, no mention of the provision of the bond, so it is difficult to determine whether the action could have been maintained against the surety alone.
Two 1977 decisions of the Third District Court of Appeal did not eliminate the confusion in this area. In Continental Casualty Company v. Associated Plastics, Inc., 347 So.2d 822 (Fla. 3d DCA 1977), the court was confronted with a situation in which the original owner and subsequent owner secured a transfer bond. The opinion did not state whether either or both of the owners were named as principals on the bond. However, during the course of the enforcement action, the parties stipulated to the dismissal of the subsequent owner from the action. The Third District Court of Appeal held that it was erroneous to enter a final judgment on the bond against the subsequent owner because of his dismissal. Since the recovery on the bond was reversed on other grounds, the court did not consider whether judgment could be rendered solely against the surety.
In the other case, Vic Tanny of Florida, Inc. v. Fred McGilvray, Inc., 348 So.2d 648 (Fla. 3d DCA 1977), the court held that a suit on the security bond was not timely filed. The lienor had failed to join the owner (a subsidiary corporation) within the prerequisite time. The lienor had joined the parent corporation. The court found that no claim could be asserted against the security bond where the claimant had also failed to join the surety.
Following its position in McGuire, this court in Symons Corp. v. Tartan-Lavers Delray Beach, Inc., 456 So.2d 1254 (Fla. 4th DCA 1984), held that a bond does not prevent the award of an unsecured judgment for attorney’s fees against the owner of the real estate:
[14] We do not find the trial court’s findings of fact that the Notice to Owner was properly served so clearly erroneous, or totally without support as to warrant a reversal of its findings. Symons’ proof was sufficient to show a good faith substantial compliance of the mailing of the Notice to Owner. The burden of proof then shifted to the owner to show prejudice, which it failed to do. We affirm.
[15] The trial court struck Symons Corporation’s demand for attorney’s fees and failed to award attorney’s fees to Symons Corporation as the prevailing party. Tartan Lavers Delray, Inc., as the owner of the property, posted a cash deposit and transferred Symons’ lien from its real property to a cash deposit, pursuant to section 713.24, Florida Statutes. This statute limits the total *508 amount of costs that can be recovered from the cash deposit, including attorney’s fees, to $100.00. However, this statute does not prevent the award of an unsecured judgment for attorney’s fees against the owner of the real estate. Tuttle/White Constructors, Inc. v. Hughes, 371 So.2d 559 (Fla. 4th DCA 1979) and Gesco, Inc. v. Nezelek, 414 So.2d 535 (Fla. 4th DCA 1982).
The owner relies on the case of Gesco, Inc. v. Nezelek, to support its position that-it is not liable for attorney’s fees. Gesco held only that the liability for costs of the surety on the bond and the principal, a lending institution, including attorney’s fees, was limited to $100.00, as provided in section 713.24.
[16] Symons Corporation, as the prevailing party against the owner, Tartan Lavers Delray, Inc., under section 713.29, is entitled to recover reasonable attorney’s fees for the services of its attorney for trial and this appeal. This recovery would be limited to $100.00 maximum against the cash deposit and would be an unsecured judgment for the balance of the attorney’s fees and costs, [emphasis added]
Id. at 1261. It is important to note that in Symons, the owner of the real property was the general contractor and the principal of the bond so there was privity.
Also aligning with Symons is Gulfstream Pump & Equipment Co. v. Grosvenor Development, Inc., 487 So.2d 330 (Fla. 2d DCA 1986). That opinion states in toto:
The conversion, by transfer, of a mechanics lien to a surety bond undertaken pursuant to section 713.24, Florida Statutes, restricts the recovery from the bond of costs, including an attorney’s fee, to $100.00. Symons Corporation v. Tartan-Lavers Delray Beach, Inc., 456 So.2d 1254 (Fla. 4th DCA 1984). Section 713.24 does not, however, bar seeking an unsecured award of an attorney’s fee in excess of the statutory limit.
Grosvenor does not state facts, so analysis is difficult.
In Brickell Bay Club, Inc. v. Ussery, 417 So.2d 692 (Fla. 3d DCA 1982), pet. for rev. denied, 426 So.2d 25 (Fla.1983), the court, relying on Symons, held that the owner remained responsible. However, the owner in Brickell was the principal on the transfer bond. Also following Symons is Old General Insurance Co. v. E.R. Brownell & Assoc., 499 So.2d 874 (Fla. 3d DCA 1986) which provides:
The narrow question presented by this appeal is whether a mechanic’s lien which is transferred to a bond pursuant to section 713.24 of the Mechanics’ Lien Statute may be increased by the court to provide for attorney’s fees in an amount to exceed $100.
We agree with the decisions of the Fourth District, strictly construing the statute, which hold that a mechanic’s lien transferred to a surety bond may be increased to include costs, which may include the prevailing party’s attorney’s fees, but that such costs may not exceed $100. The lienor, in such cases where the costs exceed $100, is left with an unsecured judgment for the balance. See Gesco, Inc. v. Edward L. Nezelek, Inc., 414 So.2d 535 (Fla. 4th DCA 1982), review denied, 426 So.2d 27 (Fla.1983); Symons Corp. v. Tartan-Lavers Delray Beach, Inc., 456 So.2d 1254 (Fla. 4th DCA 1984).
Id. at 875.
In conclusion, there is a great deal of uncertainty in this area. We, nevertheless, interpret the various opinions as stating that an owner who is not in privity with the lienor or a principal on the bond is not a proper party to such an action. See Weitzer Moon Lake Ltd. v. Ker Equipment Co., 519 So.2d 628 (Fla. 4th DCA 1987); Mesch v. Berry, 528 So.2d 1250 (Fla. 1st DCA 1988). In the present case, there are no allegations that the owner is in privity with the lienor or a principal on the bond. Thus, the trial court did not err in dismissing the complaint with prejudice.
AFFIRMED.
LETTS, DELL and WALDEN, JJ., concur.