SMITH, Judge.
Appellants seek reversal of final judgments awarding damages, attorney fees and costs in a suit seeking foreclosure of a mechanics’ lien and other remedies. We affirm in part and reverse in part.
Coppenbarger Homes (hereafter, Cop-penbarger) is a general contractor who undertook the construction of a home in Baker County. Glenn Williamson and Monte Ledbetter, the appellees, were hired pursu *34 ant to an oral contract as subcontractors, but following a dispute with Coppenbarger regarding the scope of their oral contract, appellees left the job before it was completed. Thereafter, appellees caused a construction lien to be placed against the real property for the amount owed by Coppen-barger. Appellees filed suit against Cop-penbarger and the owners of the subject real property to foreclose on the lien; ap-pellees also sought damages for breach of contract and for quantum meruit.
Coppenbarger posted a transfer bond pursuant to section 713.24, Florida Statutes (1991), with Preferred National Insurance Company (Preferred National) acting as the surety. The homeowners were subsequently dropped from the suit, and Preferred National was added as a defendant. Following a non-jury trial, the trial court found that appellees had fully perfected their claim of lien against the property, and determined that appellees were entitled to damages equivalent to the amount Coppen-barger owed under the contract less the amount Coppenbarger was required to expend to complete the job. Accordingly, ap-pellees were awarded judgment for $3,603.89 in damages, plus interest. Appel-lees were later awarded $7,535.00 in attorney fees and $105.50 in costs, bringing the total judgment amount to $11,244.89.
Coppenbarger argues on appeal that since the face amount of the bond posted by Coppenbarger is $6,084.00, the trial court erred in awarding an amount greater than the bond. With respect to the surety, Preferred National, appellees concede, on the authority of Aetna Casualty and Surety Co. v. Buck, 594 So.2d 280 (Fla. 1992), that Preferred National may not be held liable for any amount which exceeds the amount of the bond. However, appel-lees argue that they are entitled to an unsecured judgment against Coppenbarger, as principal on the bond, for the amount awarded which exceeds the bond. We agree and affirm the judgment as to Cop-penbarger.
We are unpersuaded by Coppenbarger’s argument that when a general contractor, who is not an owner, is principal on a bond posted under Chapter 713, Part I, Florida Statutes, the general contractor may not be held liable in excess of the amount of the bond because the bond places a limit on the general contractor’s liability to the lienor. Coppenbarger concedes that an owner may be subjected to an unsecured judgment for an amount in excess of the bond, when the bond is posted by the owner. See, Symons Corporation v. Tartan-Lavers Delray Beach, Inc., 456 So.2d 1254 (Fla. 4th DCA 1984). In our view, the general contractor has simply stepped into the owner’s shoes by posting the, bond, so far as liability under the mechanics’ lien law is concerned. Had it not posted a bond, Coppenbarger agrees, the owner would be liable to the lienor for the full amount of the judgment. It makes little sense for the lienor to be shortchanged simply because the general contractor, and not an owner, is the party who posted the bond. See, Mesch v. Berry, 528 So.2d 1250 (Fla. 1st DCA 1988).
Coppenbarger has argued that because a mechanism exists under section 713.24(3), Florida Statutes, for a party to request the trial court to increase the amount of a bond, a lienor should not receive an unsecured judgment for an amount in excess of the bond. To allow the lienor to receive an unsecured judgment, Coppenbarger urges, would thwart the purpose of section 713.24(3). We disagree. The purpose of the bond increase provision is to preserve the lienor’s right to adequate security for the amounts due him under the mechanics’ lien law. Appellees’ failure to avail themselves of the mechanism for increasing the amount of the bond results in their acquisition of an unsecured rather than a secured judgment for the amounts awarded in excess of the bond.
AFFIRMED in part, REVERSED in part.
SHIVERS and KAHN, JJ., concur.