# Third District Court of Appeal

## State of Florida

Opinion filed February 26, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2138
Lower Tribunal No. 22-11701-CA-01
_____


**High Road Construction Inc.,**
Petitioner,

vs.

**Peegz I, LLC,**
Respondent.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Charles Johnson, Judge.

Read Law PLLC, and Alexis Sophia Read, for petitioner.

Kelsky Law, P.A., and Brad E. Kelsky (Plantation), for respondent.


Before LOGUE, C.J., and EMAS and SCALES, JJ.

LOGUE, C.J.

High Road Construction, Inc. filed a petition for writ of certiorari seeking review of two orders of the trial court: (1) an order discharging a lis pendens it had filed, and (2) an order denying its motion to require an increase in the amount of a court deposit to which High Road's construction lien had been transferred. We deny the petition because High Road has not established a departure from the essential requirements of law.

**BACKGROUND**

High Road is a construction company and the respondent, Peegz I, LLC, is the owner of a residential lot in Big Coppitt Key, Monroe County. They entered into a contract whereby High Road agreed to construct a residence on the lot. Disagreements arose, however, and the contract was terminated with the parties disputing who was responsible. High Road asserts it incurred approximately $83,000 in costs before the contract was terminated. It filed a construction lien and a lis pendens in Monroe County where the property was located.

In response, Peegz sued High Road for, among other things, breach of contract, fraud, and conversion in the circuit court in Miami-Dade County where venue for contract disputes lay pursuant to the contract. High Road counterclaimed. A year later, High Road filed an action to foreclose on its lien in the circuit court in Monroe County where the property is located. The

2

Monroe County action was transferred to Miami-Dade County and both cases are currently before the same judge although not consolidated as of the time of the orders under review. In the course of the litigation, Peegz filed a certificate of transfer transferring High Road's lien to $121,669.99 in cash deposited with the clerk of the court pursuant to section 713.24, Florida Statutes. This had the effect of releasing the real estate from the lien. § 713.24(1)(b), Fla. Stat. (2023). Peegz moved to discharge High Road's lis pendens, which the trial court granted. High Road moved to require additional security, which the trial court denied. High Road seeks review of both orders.

## ANALYSIS

"Properly stated in its modern form, which puts the jurisdictional element first, a party seeking a writ of certiorari must establish '(1) a material injury in the proceedings that cannot be corrected on appeal (sometimes referred to as irreparable harm); and (2) a departure from the essential requirements of the law.'" Schaeffer v. Medic, 394 So. 3d 128, 130–31 (Fla. 3d DCA 2024) (quoting Fla. Power & Light Co. v. Cook, 277 So. 3d 263, 264 (Fla. 3d DCA 2019)).

Certiorari is available to address inadequate funding of the deposit to which a construction lien is transferred pursuant to section 713.24, Florida

3

Statutes, because the contractor who filed the lien faces the prospect of being left with an unsecured judgment, which is irreparable on final appeal. See generally Farrey's Wholesale Hardware Co. v. Coltin Elec. Servs., LLC, 263 So. 3d 168, 179 (Fla. 2d DCA 2018). It is also available to review a wrongful discharge of a lis pendens. Petkovich v. Sandy Point Condo. Apartments Ass'n, 325 So. 3d 201, 202 n.1 (Fla. 3d DCA 2021).

When a transfer of a lien to a court deposit has occurred pursuant to section 713.24, the court, upon proper motion, has the responsibility to ensure the sufficiency of the deposit "to pay the lienor's attorney fees and court costs incurred in the action to enforce the lien." § 713.24(3), Fla. Stat. These provisions are intended to leave the contractor in roughly the same position it would be in if the lien remained against the real estate. Brickell Bay Club, Inc. v. Ussery, 417 So. 2d 692, 695 (Fla. 3d DCA 1982) ("The lienor originally had a lien against a substantial asset, a multiple unit condominium development. The owner elected to transfer the lien to bond, the lienor was entitled to a bond sufficient to guaranty his payment the same as he would have been if the lien had not been transferred but remained an encumbrance against the real estate.").

We agree with High Road that the "attorney fees and court costs incurred in the action to enforce the lien," § 713.24(3), Fla. Stat., include

4

those necessary to defeat intertwined claims and counterclaims that would otherwise defeat enforcement of the lien. <u>Peacock Constr. Co. v. Gould</u>, 351 So. 2d 394, 396 (Fla. 2d DCA 1977) (allowing attorney's fees under section 713.29 for successful enforcement of lien, including the defeat of a counterclaim that the lien was fraudulently brought to cancel enforcement of the lien).

Nevertheless, High Road can "at any time, and any number of times" file a motion for an order to require additional security which must be granted "[i]f the court finds that the amount of the deposit . . . is insufficient to pay the lienor's attorney fees and court costs incurred in the action to enforce the lien[.]" § 713.24(3), Fla. Stat. Given the state of the record and the status of the litigations at the time the petition was filed, which indicates they were not even consolidated, we find no departure from the essential requirements of law at this time in the trial court's determination that the deposit of $121,669.99 was adequate regarding the $83,000 lien, although this amount may not be sufficient as the litigation advances. We also find no departure of the essential requirements of law in the discharging of the lis pendens in light of the transfer of lien from the real estate to the deposit.

Petition denied.

5