PER CURIAM.
General Guaranty Insurance Company (General Guaranty), appellant/defendant, brings this appeal from a final summary judgment entered against it and Sunrise Nursing Homes, Inc. (Sunrise), appel-lee/ co-defendant.
On January 11, 1971, Universal Mechanical Contractors (Universal) sued Sunrise and General Guaranty. The complaint alleged that Universal, pursuant to a written contract, had provided labor and material improving real property belonging to Sunrise and that a sum of $8,692.09 for work done and material furnished remained unpaid. According to the allegations contained in the complaint a claim of lien was filed on July 10, 1969. A lien bond was executed on August 28, 1969, with General Guaranty acting as a surety. From this point the cause proceeded very slowly. Subsequently, on December 10, 1973, Universal movéd for a summary judgment against General Guaranty. Universal also filed a motion for a default judgment against Sunrise after Sunrise failed to respond to the amended complaint. A hearing was held on all pending motions, but counsel for General Guaranty failed to appear. On January 16, 1974, a default judgment against Sunrise and a final summary judgment against General Guaranty were granted. A motion for rehearing was filed and, after hearing, denied. This timely appeal followed.
Upon review of the record and the briefs, we reverse on the ground that the trial court erred in granting the final summary judgment.
Universal’s complaint shows on its face that its claim of' lien was filed more than one year prior to the filing of its complaint. Since no claim of lien continues viable for more than a year after filing, the complaint affirmatively shows that Universal was not entitled to a summary judgment. In fact its action was commenced some 18 months after its claim of lien was filed. When a lien is transferred to a bond an action to enforce the transferred lien must commence within the time specified for action on the lien itself. See Fla.Stat. § 713.24(4), which provides in pertinent part:
If no proceeding to enforce a transferred lien shall be commenced within the time specified in § 713.22 the clerk shall return said security upon request of the person depositing or filing the same, or the insurer.
This opinion is not to be construed as passing on the merits. It does not preclude Universal from later raising matters that may show it is entitled to a judgment despite the fact that this action was not filed within the time period prescribed in § 713.24(4), Fla.Stat.
Reversed and remanded for further proceedings in accordance with this opinion.
HOBSON, Acting C. J., and BOARD-MAN and SCHEB, JJ., concur.