345 So.2d 392 (1977)
DIVERSIFIED MORTGAGE INVESTORS, a Massachusetts Business Trust, Appellant,
v.
Arthur D. BENJAMIN d/b/a Sage Corporation, and Sage Corporation, et al., Appellees.
No. 76-720.
District Court of Appeal of Florida, Third District.
May 3, 1977.
Feldman & Eden, Key West, George N. Jahn, Miami, Richard H.W. Maloy, Coral Gables, for appellant.
Spencer D. Stolpen, Hollywood, for appellee.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
*393 BARKDULL, Judge.
This appeal questions the correctness of a chancellor's finding that the appellee had validly perfected and enforced a statutory mechanic's lien. Prior to rendering the final order of foreclosure, the trial court made certain findings of fact, among which are the following:
On August 26, 1971, Little Duck Key Limited Partnership, a Florida limited partnership, leased from plaintiff, Diversified Mortgage Investors, a Massachusetts business trust, certain property in Monroe County, Florida. On the same date, the plaintiff and the lessee executed a mortgage encumbering said lease. The lessor [Diversified] was the mortgagee and the lessee [Little Duck Key Limited] was the mortgagor. The mortgage was recorded in the public records of Monroe County, Florida, on September 10, 1971. As of May 6, 1975, the principal balance due on the promissory note secured by the mortgage was $1,289,226.55, together with accrued interest in the sum of $384,937.47.
The trial court found that the appellee, Arthur D. Benjamin d/b/a Sage Corporation, recorded a claim of lien against the subject real property on August 30, 1971 in Monroe County, Florida. The trial court found that the claim of lien constituted a valid statutory mechanic's lien, which was recorded prior to the recordation of the plaintiff's mortgage and hence was superior thereto. The court further found that the appellee had properly commenced an action for the enforcement of same, in accordance with the requirements of §§ 713.21 and 713.22, Florida Statutes (1971), by the institution of its complaint to foreclose lien against the lessee's interest [recorded fee simple owner, Diversified Mortgage Investors, was not named as a party-defendant] and that, therefore, appellee had properly perfected its lien. The trial court found that the appellee's lien was superior to the appellant's lien and that the appellant's lien was superior to all other liens. We disagree.
Sections 713.21 and 713.22 (1971), Florida Statutes, provide that a mechanic's lien must be enforced within the period of one year from filing. The exact language of the statute speaks in terms of "discharge" of the lien. Section 713.21, Florida Statutes (1971) provides that a lien properly perfected under Chapter 713 "may be discharged * * * by failure to begin an action to enforce the lien within the time prescribed in Part I of this Chapter". Section 713.22(1), Florida Statutes (1971) provides that "no lien provided by Part I of this Chapter shall continue for a longer period than one year after the claim of lien has been recorded, unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction."
The key words are: "action is commenced". Was the action to enforce the lien of Arthur D. Benjamin d/b/a Sage Corporation and Sage Corporation commenced within one year of the filing of the lien? We believe not. No action was taken against Diversified within one year.[1] The recent case of Horace Mann Insurance Company v. DeMirza, 312 So.2d 501 (Fla. 3rd D.C.A. 1975), decided by this court, is pertinent to this issue. In this case, the defendant attempted to assert a claim by counterclaim at a time after the statute of limitations had run on the cause of action upon which the counterclaim was based. This court ruled that the counterclaim was barred by the statute of limitations.
The appellee cannot successfully contend that its action was commenced by the filing of the appellant's complaint. It is the filing of the counterclaim which commences appellee's action, not the filing of the complaint. If such was not the rule, the ruling in Horace Mann Insurance Company v. DeMirza, supra, would have been different, for there the complaint was filed *394 two days prior to the running of the statute. Here the complaint was filed two days after the running of the applicable statute.
Even where a party has once filed a complaint against a proper party within the period designated by the mechanic's lien statute's limitations period and subsequently drops that party as a defendant, he cannot re-add that person as a party-defendant after the statute of limitations has run. See: Harris Paint Company v. Multicon Properties, Inc., 326 So.2d 43 (Fla. 1st D.C.A. 1976). Such being the case, even less reason exists in this case for permitting the initial proper affirmative action to commence after the statute had run.
The one year statute has no exceptions. Even where the lien is transferred to a bond, the action must be commenced within the one year period. See: General Guaranty Insurance Company v. Sunrise Nursing Homes, Inc., 326 So.2d 446 (Fla. 2nd D.C.A. 1976).
No action having been taken within one year of recording a lien to perfect it against record fee holder, the lien was discharged per Section 713.22(1), Florida Statutes (1971). Therefore, the trial judge was in error in finding that the lien was superior to Diversified Mortgage Investors, and so much of the final judgment that held Arthur D. Benjamin d/b/a Sage Corporation and Sage Corporation to have held a valid lien is reversed. Bowery v. Babbit, 99 Fla. 1151, 128 So. 801; Hughey v. Stevmier, 190 So.2d 410 (Fla. 2nd D.C.A. 1966); General Guaranty Insurance Company v. Sunrise Nursing Homes, Inc., supra; Section 713.22(1), Florida Statutes (1971).
Reversed and remanded for further proceedings, in accordance with the above.
NOTES
[1] The property owner is a necessary party at time of suit to foreclose a mechanic's lien. Deltona Corporation v. Indian Palms, Inc., 323 So.2d 282 (Fla. 1st D.C.A. 1975); McGuire v. Consolidated Electrical Supply, Inc., 329 So.2d 411 (Fla. 4th D.C.A. 1976); 54 Am.Jur.2d, Mechanics' Liens, § 363.