COWART, Judge.
If a lienor is joined as a party defendant in an action filed within the statute of limitations on the lienor’s claim,[1] but does not file a counterclaim to enforce his right to a lien or to payment under a substituted payment bond[2] until after the running of such limitations, are the lienor’s rights barred?
We affirm the trial court in holding that the lienor’s rights were not barred in this particular case. We agree that the institution of an action on one cause of action does not toll a statute of limitations on another cause of action, and, as was held in Horace Mann Insurance Company v. DeMirza, 312 So.2d 501 (Fla. 3d DCA 1975), a counterclaim seeking independent affirmative relief, filed after the applicable statute of limitation has run on the cause of action in the counterclaim, is barred, notwithstanding that the main action was instituted before the statute of limitation had run on the cause of action in the counterclaim. However, in this case, the original action was one by the appellant bonding company against the owner, the original lienor, the appellee as successor to the original lienor, and others, in the nature of aii action for a declaratory judgment, attacking the validity of all liens and requesting a judicial determination of appellant’s rights, duties and obligations under its bond. Even without the filing of a counterclaim, this action by appellant bonding company, when contested by the appellee, fully put into litigation all issues necessary for a binding judicial determination of the validity of the appellee’s rights against appellant on the bond in question. All necessary parties were joined in appellant’s original action thereby eliminating the basic problem in Diversified Mortgage Investors v. Benjamin, 345 So.2d 392 (Fla. 3d DCA 1977). We agree with the court in Diversified that the *564 mere joinder of a lienor in an ordinary action to foreclose a mortgage does not constitute the commencement of an action by the lienor on its claim, does not toll the running of the statutory time period against the lienor’s claim and that the lien- or’s counterclaim must be filed within the applicable statute of limitations or it will be barred.
In this case there is substantial competent evidence supporting the jury’s finding of an assignment of the mechanics’ lien claim from the original lienor to appellee and the trial court committed no error in denying appellant’s motion for a directed verdict as to that matter. We have also reviewed the other matters urged by appellant for reversal and find that the trial court committed no error in permitting ap-pellee to amend its counterclaim nor in the admissibility of evidence relating to appel-lee’s succession to the rights of the original lienor or otherwise. The judgment below is, therefore,
AFFIRMED.
ORFINGER and SHARP, JJ., concur.

. Sec. 713.22(1), Fla.Stat. (1979). See also Sec. 713.23, Fla.Stat. (1979).

. A construction payment bond may be furnished in lieu of a statutory mechanics’ lien on land. See §§ 713.02(6) and 713.23, Fla.Stat. (1979).