SMITH, Chief Judge.
The Scotts appeal an order setting priorities as to the surplus proceeds of a foreclosure sale. Having determined that the mechanics liens of all of the appellees/lien-ors, with the exception of Florida Rock Industries, Inc., were discharged upon failure of those appellees to file an enforcement action within one year, as required by section 713.22(1), Florida Statutes (1985), we agree with the Scotts that their mortgage lien was entitled to priority over, and the exclusion of, all of these discharged liens. We reverse.
The Hauflers filed a duly recorded first mortgage on certain real property located in Gainesville. A notice of commencement was filed by the owners on April 12, 1985. On July 9, 1985, the Hauflers filed a foreclosure action on their first mortgage and a notice of lis pendens. The Scotts recorded their mortgage on the property on August 6, 1985. In the meantime, appellees/me-chanics lienors had filed their lien claims.
Most of the lienors didn’t answer the Hauflers’ foreclosure complaint, and only one, Florida Rock Industries, Inc. (Florida Rock), filed a counterclaim, seeking foreclosure of its mechanics lien. Florida Rock’s counterclaim was filed within one year from the time it filed its claim of lien, as required by section 713.22(1).
A final judgment of foreclosure was entered ordering the sale of the real property. After the property was sold and the Hau-flers paid in full, there remained a surplus in the amount of $71,401.49. Appel- *997 lees/mechanics lienors filed motions for distribution of the surplus proceeds. They contended that their claims of lien attached and took priority as of April 12, 1985, the date of filing the notice of commencement. The Scotts also filed a motion to obtain surplus proceeds. The trial court ruled that Florida Rock, Allied Steel Erectors, Inc., A.W.F., Inc., O.C. Bass, Central Builder Supplies of Gainesville, Inc., Chance, Eng & Denman, Inc., Guy Cleveland, Jimmy Cleveland, Shine Company, Inc., and Berry J.C. Walker were entitled to first priority to the surplus proceeds, and that the Scotts’ claim, to the surplus was subordinate to the claims of these appellees.
Section 713.22(1) provides in pertinent part:
713.22 Duration of lien.—
(1) No lien provided by part I shall continue for a longer period than 1 year after the claim of lien has been recorded, unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction....
None of the appellees/lienors, except Florida Rock, brought an action to enforce their respective liens within the one year period, and their liens were accordingly discharged. Section 713.21(3), Florida Statutes (1985); Diversified Mortgage Investors v. Benjamin, 345 So.2d 392 (Fla. 3d DCA 1977).[1]
While it is true that for priority purposes, liens relate back to the date of rec-ordation of the notice of commencement, and take priority from the time of rec-ordation of the notice of commencement, section 713.07(2), Florida Statutes (1985), this assumes a valid and enforceable lien. In this case, the liens of appellees, with the exception of the lien of Florida Rock, were discharged and unenforceable; thus, these appellees did not possess liens to relate back to the notice of commencement. 36 Fla.Jur.2d, Mechanics Liens, § 55.
Accordingly, the Scotts’ mortgage was superior to the claims of lien of Allied Steel Erectors, Inc., A.W.F., Inc., O.C. Bass, Central Builder Supplies of Gainesville, Inc., Chance, Eng & Denman, Inc., Guy Cleveland, Jimmy Cleveland, Shine Company, Inc., and Berry J.C. Walker. Diversified Mortgage Investors v. Benjamin, 345 So.2d 392 (Fla. 3d DCA 1977); accord Cotton States Mutual Insurance Co. v. Hunt Truck Sales & Service, Inc., 395 So.2d 563 (Fla. 5th DCA 1981). See also, D.A.D., Inc. v. Poole, 407 So.2d 1072 (Fla. 4th DCA 1981) (junior mortgagee holding an unfo-reclosed although earlier recorded mortgage was not required to foreclose its mortgage by a cross-claim against its co-parties, judgment creditors with properly recorded judgments, in order to assert its priority to surplus funds following satisfaction of the foreclosure of the first mortgage).
The cause is REVERSED and REMANDED for an evidentiary hearing to establish the entitlement of Florida Rock and the Scotts to the surplus proceeds. Schroth v. Cape Coral Bank, 377 So.2d 50 (Fla. 2nd DCA 1979).[2]
JOANOS and ZEHMER, JJ., concur.

. For further clarification, on this issue, see the statutory history of sections 713.21 and 713.22, Florida Statutes, contained in 20A. Fla.Stat.Ann. 239, 243. The 1961 statutes, sections 84.21 and 84.23(3), would likely have permitted appellees’ liens to continue beyond the one year period once they were made party defendants to the mortgage foreclosure action and the lis pendens filed. However, the mechanics lien law changed in 1963, and the provisions permitting continuation of the liens beyond the one year period under certain circumstances were deleted.

. Under our holding, the remaining appel-lees/lienors have lost their liens for failure to comply with the mechanics lien law. We offer no opinion concerning the availability of other remedies, since the issue is not before us. See, Michel v. Bayshore Marina, Inc., 183 So.2d 294 (Fla. 3d DCA 1966).