PER CURIAM.
We affirm on all issues except one. We find the trial court erred in granting summary judgment on appellants’ claims for breach of fiduciary duty based on its finding that appellants failed to establish entitlement to damages. “Where a breach of fiduciary duty is shown but no actual damages are proved, nominal damages may be awarded.” Minotty v. Baudo, 42 So.3d 824, 836 (Fla. 4th DCA 2010). The trial court found that an award of nominal damages must be reduced by the value of appellants’ occupancy of the condominium units at issue, and that value would exceed the nominal damages.
The trial court relied on Fong v. Batton, 214 So.2d 649, 653 (Fla. 3d DCA 1968), in which the Third District held that where a plaintiff was awarded both the full purchase price of a piece of real property and fee simple title, the award of damages should have been reduced by the value of the plaintiffs years of occupancy of the *545 property. Fong is distinguishable. Here, appellants do not seek rescission or return of the full purchase price. By finding that nominal damages must be reduced by the value of occupancy, the trial court effectively found that appellants would be required to pay for their occupancy twice— once through their purchase, and a second time through a reduction in their damages. This was error. We find that appellants are entitled to seek nominal damages for their claims of breach of fiduciary duty, and there is no reason to set off nominal damages by the years of occupancy in this case.
Further, we note that appellants have not challenged on appeal the trial court’s denial of their motion to amend their complaint to add claims for punitive damages. Therefore, that issue is not before this court, and we do not address it.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
LEWIS, C.J., WOLF and MAKAR, JJ., concur.