# Third District Court of Appeal

## State of Florida

Opinion filed April 26, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2329
Lower Tribunal No. 14-17706

_____

**American Sales and Management Organization, LLC, d/b/a Eulen America,**
Appellant,

vs.

**Luis Rodriguez Lopez, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, John W. Thornton, Jr., Judge.

Holland & Knight, LLP, Christopher N. Bellows and Joseph Mamounas, for appellant.

Dorta Law and Matias R. Dorta; Dimond Kaplan & Rothstein, P.A., David A. Rothstein and Lorenz Michel Prüss; Kula & Associates, P.A., Elliot B. Kula, W. Aaron Daniel and William D. Mueller, for appellees.

Before ROTHENBERG, EMAS and FERNANDEZ, JJ.

FERNANDEZ, J.

American Sales and Management Organization LLC, etc. ("ASMO")

appeals an Omnibus Order on appellees Luis Rodriguez Lopez's and Brent Blake's

motions for partial summary judgment, and an Order on Joint Motion to Determine Amount of Expenses that ASMO must "Advance" and to Establish a Going-Forward Protocol Regarding "Advancement" in the defense of the underlying lawsuit. We affirm because the parties' Operating Agreement obligates ASMO to advance expenses.

The Operating Agreement contains an advancement provision that is clear and unambiguous. Section 5.15(b) of the parties' Operating Agreement requires that ASMO shall indemnify and hold harmless any person it sues by reason of the fact that such person was a manager or officer of ASMO. Section 5.15(f) requires that expenses subject to indemnification shall be paid by ASMO in advance of such proceedings' final disposition.[1]

ASMO sued by reason of the fact that the appellees Rodriguez and Blake served as officers and managers of ASMO. ASMO alleged in its Fourth Amended Complaint and Demand for Jury Trial that its claims arose from a multi-year scheme developed and executed by Rodriguez and Blake while they simultaneously served as ASMO's two highest-ranking officers, managers, and agents. ASMO alleged that Rodriguez and Blake breached their duties of loyalty and care in their capacity as officers and managers of ASMO.

---

[1] Advancement, as distinct from indemnification, involves the advance payment of litigation expenses regardless of whether indemnification is later determined.

The trial court therefore correctly found that, pursuant to the clear and unambiguous language of the advancement provision, ASMO must advance expenses. See Andersen Windows, Inc. v. Hochberg, 997 So. 2d 1212, 1214 (Fla. 3d DCA 2008)(stating that a contract must be enforced as written when it is clear and unambiguous).

Affirmed.