# Third District Court of Appeal

## State of Florida

Opinion filed May 12, 2021.

_____

No. 3D19-0505
Lower Tribunal No. 14-17706
_____

**Brent Blake,**
Appellant,

vs.

**American Sales and Management Organization LLC,
d/b/a Eulen America,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Dimond Kaplan & Rothstein, P.A., and David A. Rothstein, and Lorenz Michel Prüss; Kula & Associates P.A., and Elliot B. Kula, and W. Aaron Daniel, and William D. Mueller, for appellant.

Greenberg Traurig, P.A., and Joseph J. Mamounas; Holland & Knight LLP, and Christopher N. Bellows, and Anthony J. Sirven, and Manuel Miranda, for appellee.

Before SCALES, LINDSEY, and BOKOR, JJ.

ON MOTIONS FOR REHEARING AND WRITTEN OPINION

PER CURIAM.

On October 28, 2020, we per curiam affirmed this appeal without a written opinion. Appellant Brent Blake seeks rehearing and issuance of a written opinion. We deny Blake's motions. See McDonnell v. Sanford Airport Auth., 200 So. 3d 83, 85 (Fla. 5th DCA 2015) ("Although there may be instances where motions for rehearing are appropriate after the issuance of what is commonly referred to as a PCA, such instances are rare and are most often limited to occasions when a relevant decision of the Supreme Court or another District Court of Appeal is rendered after briefing and oral argument and not considered by the court. . . . [G]enerally, these motions are considered improper because a motion for rehearing cannot direct the court to matters overlooked if no written opinion has been published." (citations omitted)).

Blake has not directed us to points of law or fact that we have overlooked or misapprehended. See Fla. R. App. P. 9.330(a)(2)(A). Nor has Blake set forth an adequate basis for issuance of a written opinion. See Fla. R. App. P. 9.330(a)(2)(D). However, we write to clarify that our affirmance is based on the clear record before us, which leaves no doubt that Blake is not entitled to additional fees on his claim for indemnification

2

because those expenses were not "reasonably incurred" as required by the Operating Agreement.

In 2014, American Sales sued Blake, a former manager and officer, for breach of fiduciary duties. The trial court determined Blake was entitled to advancement of legal expenses pursuant to American Sales' Operating Agreement, and this Court affirmed. See Am. Sales & Mgmt. Org., LLC v. Lopez, 217 So. 3d 230 (Fla. 3d DCA 2017). In November 2017, American Sales filed a notice of voluntary dismissal. Blake was awarded nearly $900,000 for advancement expenses, and American Sales continued to pay Blake's expenses through January 2018.

In January 2018, the parties exchanged emails as to how best to resolve Blake's pending counterclaim for indemnification. The relevant portions of that exchange are as follows:

- January 23, 2018: In order to bring an end to the "seemingly endless waste of resources" counsel for Blake wrote that he intended to prepare a succinct motion for summary judgment as to liability on Blake's counterclaim for indemnification.

- January 23, 2018: Counsel for American Sales requested that Blake not work on a motion for summary judgment as it would be "simpler and cheaper" to stipulate to a judgment.

- January 24, 2018: Counsel for Blake responded that he had already prepared a draft motion but that "it is very short and did not take much time."

3

- January 25, 2018: Counsel for Blake informed American Sales that the advancement expenses for January totaled $16,000 and that if American Sales agreed to pay before the end of the month, Blake would be done with "all issues pertinent to advancement."

- January 26, 2018: Counsel for American Sales again suggested a stipulated or joint motion for judgment in favor of Blake on his counterclaim for indemnification.

It is clear that despite American Sales' attempt to resolve Blake's counterclaim by way of a stipulated judgment, counsel for Blake prepared a short motion for summary judgment *in January*. Moreover, American Sales paid $16,000 in advancement expenses for that month.

On February 8, 2018, Blake filed his four-page motion for final summary judgment. That same day, American Sales filed a response stating it did not oppose Blake's motion; however, American Sales maintained that it had "already fully indemnified and held harmless Blake against expenses and attorney's fees actually and reasonably incurred by him in connection with his defense in this action . . . ." The trial court granted Blake's unopposed motion.

Nearly eight months after the trial court granted Blake's motion for final summary judgment, Blake filed a motion seeking a multiplier and, in a footnote, Blake sought the expenses "incurred pursuing his counterclaims for indemnification, which are recoverable per the Operating Agreement." At a hearing on Blake's motion, the trial court asked the following:

4

> THE COURT: So the question is are they entitled to any additional fees or – because I'm not sure I understand. If you've already paid all the fees – okay. Help me understand. What are you asking for? Are you asking for additional fees or are you asking for –
>
> [COUNSEL FOR BLAKE]: A multiplier, as well as a little sliver of additional fees that went in conjunction with our motion for final summary judgment as to liability on our counterclaim.

The trial court entered an order awarding Blake zero dollars in additional indemnification. Blake appealed, and this Court per curiam affirmed.[1]

The record before us is abundantly clear. Based on that record, the trial court did not abuse its discretion in awarding Blake zero dollars in additional indemnification. See Bateman v. Serv. Ins. Co., 836 So. 2d 1109, 1111 (Fla. 3d DCA 2003) ("The standard of review for an award of attorney's fees is abuse of discretion.").

Motion for written opinion and motions for rehearing denied.[2]

---

[1] Blake's primary argument on appeal was that he was entitled to a multiplier. Blake has abandoned this argument in his motion for rehearing.

[2] Blake also seeks rehearing on this Court's award of appellate attorney's fees. American Sales' motion for appellate attorney's fees was unopposed. Consequently, all the arguments in Blake's motion for rehearing are being impermissibly raised for the first time. See Fla. R. App. P. 9.330(a)(2)(A) ("The motion shall not present issues not previously raised in the proceeding.").