# Third District Court of Appeal

## State of Florida

Opinion filed March 22, 2023.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D20-563
Lower Tribunal No. 14-17706

————————————

**American Sales and Management Organization LLC d/b/a Eulen America,**
Appellant/Cross-Appellee,

vs.

**Luis Rodriguez Lopez,**
Appellee/Cross-Appellant.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Greenberg Traurig, P.A., and Joseph Mamounas and Jay A. Yagoda, for appellant/cross-appellee.

Dorta Law, and Matias R. Dorta; Kula & Associates, P.A., Elliot B. Kula, W. Aaron Daniel, and William D. Mueller, for appellee/cross-appellant.

Before FERNANDEZ, C.J., and EMAS and LINDSEY, JJ.

EMAS, J.

## I.    INTRODUCTION

This appeal and cross-appeal arise out of the employment (and termination) of Luis Rodriguez Lopez (Rodriguez) as a manager and CEO of American Sales and Management Organization, LLC (ASMO), a Miami-based provider of aviation-services.  After ASMO terminated Rodriguez in 2014, it sued him, alleging he breached his fiduciary duties to ASMO by conspiring, and acting in concert, with others to start a competing aviation-services business. Rodriguez filed a counterclaim for, inter alia, indemnification, contending he was entitled, under the terms of ASMO's Operating Agreement, to be indemnified by ASMO for his attorney's fees and other legal costs to defend himself against ASMO's claims.

The case proceeded to trial, and the jury found that Rodriguez breached his fiduciary duty to ASMO and that ASMO suffered damage as a result of such breach; despite these findings, the jury awarded ASMO $0 in damages.

The trial court later granted ASMO's posttrial motion for additur of $1 in nominal damages, and granted summary judgment in favor of Rodriguez on his claim for indemnification.  On appeal, ASMO challenges the trial court's final summary judgment awarding Rodriguez indemnification and contends the trial court should instead have granted ASMO's cross-motion

for summary judgment on Rodriguez's indemnification claim. Rodriguez cross-appeals, challenging the trial court's order granting additur, as well as the order denying his motion for judgment in accordance with his motion for directed verdict on ASMO's claim for breach of fiduciary duty.

For the reasons that follow, we reverse the additur award of $1 in nominal damages in favor of ASMO and remand for entry of final judgment for Rodriguez on the breach of fiduciary duty claim. We likewise reverse the trial court's final summary judgment in favor of Rodriguez on his indemnification counterclaim, and remand for entry of final judgment in favor of ASMO on that counterclaim.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In July 2014, ASMO sued Rodriguez (and others) for breach of fiduciary duty, aiding and abetting, and civil conspiracy, alleging that Rodriguez and his codefendants conspired to appropriate ASMO's resources for their own use to start a business venture in direct competition with ASMO. In its complaint, ASMO sought damages—"including but not limited to nominal damages"—for Rodriguez's alleged breach of his statutory duties of loyalty and care.

When ASMO filed its lawsuit, Rodriguez demanded (pursuant to ASMO's Operating Agreement) advancement for the legal fees and costs he

3

would expend in defending against the suit; ASMO denied this demand. Rodriguez then filed a counterclaim for breach of contract, maintaining that, under the terms of the Operating Agreement, ASMO was required to indemnify and advance the expenses incurred by Rodriguez in defending against ASMO's lawsuit, upon an undertaking by Rodriguez that he would repay ASMO if, ultimately, it was determined he was not entitled to indemnification. ASMO's denial of Rodriguez's demand for advancement and indemnification upon being sued, he alleged, constituted a breach of ASMO's Operating Agreement.

During the pendency of the lawsuit, the trial court granted Rodriguez advancement of legal fees and costs in defense of ASMO's lawsuit, which ASMO appealed in American Sales & Management Organization, LLC v. Luis Rodriguez Lopez, et al., 217 So. 3d 230 (Fla. 3d DCA 2017) (ASMO I). In ASMO I, this court held that the "clear and unambiguous language" of ASMO's Operating Agreement obligated ASMO to advance expenses to Rodriguez "in the defense of the underlying lawsuit." Id. at 230. In so holding, we made clear: "Advancement, as distinct from indemnification, involves the advance payment of litigation expenses regardless of whether indemnification is later determined." Id. at n.1.

4

In March 2018, the case proceeded to a jury trial on ASMO's claim against Rodriguez for breach of duty as manager, as well as claims for civil conspiracy and aiding and abetting by Rodriguez and other defendants. (Rodriguez's counterclaim against ASMO for indemnification would await the outcome of the trial on ASMO's claims.) In support of its claim that Rodriguez breached his duties of loyalty and care, ASMO presented evidence consisting primarily of emails, text messages and audio recordings in which Rodriguez discussed starting a competing business venture with funding from Carlos Alvarez (Rodriguez's relative and a shareholder in ASMO's parent company, Eulen S.A. (Eulen), located in Spain).[1] ASMO cited specific actions by Rodriguez and his co-conspirators to support its claim that Rodriguez breached his fiduciary duties to the company (e.g., causing ASMO to engage a sham subcontractor to generate "cash flow;" sabotaging ASMO bids; sharing confidential and proprietary business information; and generally using ASMO resources to benefit the nascent, competing business).

---

[1] Allegedly, there was a rift in the family, resulting in Alvarez's removal as CEO of Eulen in 2010.

The jury returned a verdict for ASMO on the breach of duty claim, finding that Rodriguez breached his duty of care or his duty of loyalty,[2] and that such breach was the legal cause of damage to ASMO. Despite these findings, the jury awarded $0 in damages.[3] The parties filed several post-trial motions, including Rodriguez's motion to set aside the verdict and for entry of final judgment in accordance with his earlier motion for directed verdict, as well as ASMO's motion for additur of $1 in nominal damages. The trial court denied Rodriguez's motion and granted ASMO's motion for additur of $1 in nominal damages.

The trial court then addressed the parties' competing motions for summary judgment on Rodriguez's remaining counterclaim for

---

[2] The jury was instructed that for ASMO to recover under this theory, ASMO had to prove three elements, including that Rodriguez owed ASMO a duty of loyalty **or** a duty of care. Given the wording of the jury instructions and verdict form, it cannot be determined whether the jury found a breach of both duties or only one duty (and if only one duty, which one).

[3] As to the remaining counts in ASMO's complaint (for conspiracy and for aiding and abetting), the jury found Rodriguez and Alvarez conspired to have Rodriguez breach his duties of care and loyalty to ASMO and that Alvarez aided and abetted Rodriguez in said breach. However, the jury found that neither the conspiracy nor the aiding and abetting was a legal cause of damage to ASMO. Thus, ASMO did not prevail on these claims, and those claims do not form a part of this appeal. Still, it is noteworthy that, while the jury found ASMO failed to prove causation on the conspiracy and aiding and abetting counts, it nevertheless found that ASMO did prove Rodriguez's breach of duty was a legal cause of damage to ASMO.

6

indemnification. The trial court granted Rodriguez's motion for summary judgment and denied ASMO's cross-motion, finding that "despite the adjudication of liability but in view of the circumstances of the case"—i.e., the jury awarded $0 in damages and therefore the case did not warrant Rodriguez having to incur $1 million to defend against it—Rodriguez "is fairly and reasonably entitled to indemnity for such expenses which the Court shall deem proper."

The trial court entered final judgment for ASMO on its breach of fiduciary duty claim, awarding ASMO nominal damages of $1 (by way of additur), and entered final summary judgment in favor of Rodriguez on his counterclaim for indemnification.

ASMO asserts the trial court erred in granting Rodriguez's motion for summary judgment on his counterclaim for indemnification and in denying ASMO's cross-motion for summary judgment. In his cross-appeal, Rodriguez asserts the trial court erred in denying his motion for judgment notwithstanding the verdict on ASMO's claim for breach of fiduciary duty, and further erred in granting ASMO's motion for additur.

## III.   DISCUSSION AND ANALYSIS

### A. *The trial court erred in granting ASMO's motion for additur of $1 in nominal damages.*

We first address Rodriguez's appeal of the trial court's order granting ASMO's additur motion, as our determination of this issue directly impacts our analysis of Rodriguez's appeal of the denial of his motion for judgment in accordance with motion for directed verdict. To this point, because we reverse the additur order—and thereby reinstate the jury's verdict awarding zero damages—we are also compelled to reverse the trial court's denial of Rodriguez's posttrial motion for judgment in accordance with his earlier motion for directed verdict, which was premised on ASMO's failure to prove damages, an essential element of a breach of fiduciary duty claim. We first explain why, under the unique circumstances of this case, the trial court erred in granting ASMO's posttrial motion for additur.

### 1. Inconsistent verdict or inadequate verdict?

On appeal, the parties frame this issue as whether the jury's zero verdict is "inconsistent" or "inadequate." Rodriguez contends it is a legally inconsistent verdict and that it was thus incumbent upon ASMO to raise the issue of the verdict's legal inconsistency before the jury was discharged. See e.g., Coba v. Tricam Indus., Inc., 164 So. 3d 637 (Fla. 2015). He

8

concludes that, by failing to do so, ASMO waived any right to challenge the jury's award of $0 in damages or to seek posttrial additur.

ASMO counters that the $0 damage award, following a finding of liability, did not render the verdict legally inconsistent, but merely inadequate. Francis-Harbin v. Sensormatic Elecs., LLC, 254 So. 3d 523, 525 (Fla. 3d DCA 2018). Because it was an inadequate verdict, ASMO continues, the company was not required to raise the issue prior to the jury's discharge, and, instead, could raise it in a posttrial motion for additur or new trial. Id.

We conclude that neither party is correct—under the rather unique facts of this case, the verdict is neither inconsistent nor inadequate. We reach this conclusion as a result of the agreed-upon jury instructions, and the fact that the jury did precisely what the trial court said it could do.

The Florida Supreme Court has addressed the distinction between a legally inconsistent verdict and an inadequate verdict:

> Courts have distinguished cases involving inadequate verdicts from those that are characterized as inconsistent. ***A verdict is not necessarily inconsistent simply because it fails to award enough money or even no money at all***. In those circumstances, the issue is the adequacy of the award, not its consistency with any other award by the verdict. An objection to the inadequacy or excessiveness of a verdict can be raised in a motion for a new trial without requiring a party to object prior to the jury's discharge.
>
> On the other hand, an **inconsistent verdict is defined as when two definite findings of fact material to the judgment are**

9

**mutually exclusive**. Where the findings of a jury's verdict in two or more respects are findings with respect to a definite fact material to the judgment such that both cannot be true and therefore stand at the same time, they are in fatal conflict. To preserve the issue of an inconsistent verdict, the party claiming inconsistency must raise the issue before the jury is discharged and ask the trial court to reinstruct the jury and send it back for further deliberations.

Coba, 164 So. 3d at 643-44 (emphasis added) (citations and quotations omitted). In other words, for a verdict to be legally inconsistent, it must contain two material findings that legally cannot co-exist. And while a party must object to an inconsistent verdict prior to the discharge of the jury, "[t]here is no requirement to object to a verdict as being inadequate prior to the discharge of the jury." DiMare, Inc. v. Robertson, 758 So. 2d 1193, 1194 (Fla. 3d DCA 2000).

2. Was the jury's verdict legally inconsistent?

We first address Rodriguez's argument that the jury's verdict was legally inconsistent. He contends that the jury's verdict in favor of ASMO on the breach of fiduciary duty claim cannot be legally reconciled with the jury's verdict awarding $0 in damages for that breach. The premise of Rodriguez's argument is that, once the jury found Rodriguez breached his fiduciary duty to ASMO and found that such breach was a legal cause of damage to ASMO, the jury was ***legally required*** to award damages in some amount to ASMO. If Rodriguez is correct, the verdict was legally inconsistent, and ASMO was

10

required to preserve this issue by raising it with the trial court before the jury was discharged, rather than raising it in a posttrial motion for additur or new trial.

Rodriguez's position has superficial appeal, and might have won the day except for one critical fact: the trial court instructed the jury that, if it found Rodriguez liable (i.e., that he breached his duty to ASMO and that such breach was a legal cause of damage to ASMO) but that ASMO did not prove any loss or damage, the jury **could** award nominal damages to ASMO. The jury was not told that it **must** award nominal damages under such circumstances. Here are excerpts of the relevant instructions on the law given to the jury at the conclusion of the trial:

### JURY INSTRUCTION No. 28

The first claim by ASMO against Rodriguez is for breach of duty as a manager. ASMO claims that Rodriguez violated duties of loyalty and of care that Rodriguez owed to ASMO.

To recover from Rodriguez, ASMO must prove three elements by the greater weight of the evidence:

1. Rodriguez owed ASMO a duty of loyalty or a duty of care;

2. Rodriguez violated any one of those duties; and

3. ASMO suffered damages proximately caused by Rodriguez's violation.

## JURY INSTRUCTION No. 47

If your verdict is for Defendants, you will not consider the matter of damages. But if the greater weight of the evidence supports ASMO claims, you should determine and write on the verdict form, in dollars, the total amount of loss, injury, or damage that the greater weight of the evidence shows will fairly and adequately compensate ASMO for its loss, injury, or damage.

## JURY INSTRUCTION No. 48

**If you decide that Defendants are liable but also that ASMO did not prove any loss or damage, you may still award ASMO nominal damages, such as one dollar.**

(Emphasis added).

Thus, the jury was told that if it found: 1) that Rodriguez breached his duty to ASMO; 2) that the breach caused ASMO to suffer damages; but 3) ASMO failed to prove a specific amount of damages by the greater weight of the evidence, the jury nevertheless ***may*** award nominal damages such as $1. It necessarily follows that under these same circumstances, the jury may also award no nominal damages.

By its verdict, the jury did precisely what it was told by the court—in the instructions on the law—that it could do. The jury not only acted in accordance with the jury instructions; it also followed the instructions contained in the verdict form, which provided in pertinent part:

## VERDICT FORM

We, the jury, return the following verdict:

12

1. Did Luis Rodriguez breach his duty of care or his duty of loyalty to ASMO?

Yes __X__

No _____

If your answer to question 1 is NO, then your verdict is for the defendants, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, then answer question 2.

2. Was Luis Rodriguez's breach of the duty of care or the duty of loyalty a legal cause of damage to ASMO?

Yes __X__

No _____

If your answer to question 2 is NO, your verdict is for the defendants, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 2 is YES, please answer question 3.

3. What is the total amount of damages suffered by ASMO as a result of Luis Rodriguez's breach of the duty of care of the duty of loyalty?

$ 0.00 (zero)

The jury's answers to the questions on the verdict form were consistent with and faithful to the instructions on the law as provided by the court.[4]

---

[4] During closing argument, ASMO argued—without objection—that the jury had the discretion to award nominal damages: "[T]he law recognizes the concept of nominal damages. So, in other words, if you conclude that the defendants have committed a legal wrong but that ASMO has suffered no actual out-of-pocket losses, the law ***allows you*** to award ASMO nominal

Again, Rodriguez contends that ASMO waived any objection to the zero damages award by failing to object to the verdict form before the jury was discharged. But remember that a legally inconsistent verdict means a verdict containing two material findings that are mutually exclusive—in other words, that the jury by its verdict has failed to follow the trial court's instructions on the law. The underlying purpose for requiring an objection before discharging the jury is to give the trial court an opportunity to cure the error by reinstructing the jury on the applicable law and returning them to the jury room to continue deliberating and return a verdict form in conformity with the jury instructions on the law applicable to the case. See Coba, 164 So. 3d at 644 ("To preserve the issue of an inconsistent verdict, the party claiming inconsistency must raise the issue before the jury is discharged and ask the trial court to reinstruct the jury and send it back for further deliberations.") (quotation omitted). See also Moorman v. Am. Safety Equip., 594 So. 2d 795, 799 (Fla. 4th DCA 1992) ("It is quite basic that objections as to the form of the verdict or to inconsistent verdicts must be made while the jury is still available to correct them.")

---

damages, which is a recognition of the fact that a wrong was committed." (Emphasis added).

The instant case begs the question: Had ASMO objected to the verdict before the jury was discharged (as Rodriguez contends ASMO was required to do), what would the trial court have done to "reinstruct the jury" on the law and to return the jury to the jury room for continued deliberations? The trial court had already told the jury what the law permitted it to do, and the jury had already done what the trial court said it could do—return a verdict for zero damages (i.e., choosing not to award nominal damages) even though ASMO proved its claim against Rodriguez. "The jury cannot be faulted for doing exactly what it was instructed to do." Plana v. Sainz, 990 So. 2d 554, 557 (Fla. 3d DCA 2008). Any alleged error in the instructions to the jury would have to have been preserved earlier with a timely objection to the jury instructions or to the verdict form,[5] and the failure to do so waives such a

---

[5] Because this issue has not been raised on appeal, we leave for another day the broader question of whether a jury is *required as a matter of law* to award at least nominal damages upon a determination that a defendant breached a fiduciary duty to a plaintiff and that such breach was a legal cause of damage to that plaintiff. The nominal damages instruction in the instant case was patterned after Florida's standard jury instruction, which does not mandate such an award. See Fla. Std. J. Inst. (Cont. & Bus.) 504.11 ("If you decide that (defendant) breached the contract but also that (claimant) did not prove any loss or damage, you may still award (claimant) nominal damages such as one dollar.")

While it is clear that a jury may award nominal damages under these circumstances, see e.g., Hutchison v. Tompkins, 259 So. 2d 129, 132 (Fla. 1972) ("It is well established in Florida that where the allegations of a complaint show the invasion of a legal right, the plaintiff on the basis thereof

claim on appeal.  Id. See also Coba, 164 So. 3d at 645 (holding "a party must timely object to any error pertaining to the verdict or the argument is waived" and that it is "well established that a failure to object to a verdict form

may recover at least nominal damages"); Continuum Condo. Ass'n v. Continuum VI, Inc., 549 So. 2d 1125, 1127 (Fla. 3d DCA 1989) ("[N]ominal damages can be awarded when a legal wrong has been proven, but the aggrieved party has suffered no damages . . . or where . . . recoverable damages were not proven") (citations omitted); Highsmith v. ECAA, LLC, 138 So. 3d 544 (Fla. 1st DCA 2014); Minotty v. Baudo, 42 So. 3d 824, 836 (Fla. 4th DCA 2010) ("Where a breach of fiduciary duty is shown but no actual damages are proved, nominal damages may be awarded"); Rocco v. Glenn, Rasmussen, Fogarty & Hooker, P.A., 32 So. 3d 111, 116 n. 2 (Fla. 2d DCA 2009) ("[A] defendant may be liable for nominal damages for a breach of fiduciary duty even if the plaintiff cannot prove actual damages"), it is unclear whether a jury *must* award nominal damages under these circumstances. See, e.g., Land & Sea Petroleum Holdings, Inc. v. Leavitt, 321 So. 3d 810, 817 (Fla. 4th DCA 2021) (discussing the mandatory versus permissive nature of nominal damages and observing: "A nominal damages award is appropriate when there is a breach of contract, breach of fiduciary duty, or an aiding and abetting a breach of fiduciary duty cause of action.") The Second District, in Wilson v. Univ. Cmty. Hosp., Inc., 101 So. 3d 857, 859 (Fla. 2d DCA 2012), held that a finding of a breach of contract did not necessarily require an award of at least nominal damages, and certified conflict with the Fifth District's decisions, "to the extent that the[se] cases hold that nominal damages *must* be awarded where a plaintiff has shown a breach. . . " in MSM Golf, L.L.C. v. Newgent, 853 So. 2d 1086 (Fla. 5th DCA 2003), Destiny Const. Co. v. Martin K. Eby Const., 662 So.2d 388, 390 (Fla. 5th DCA 1995) and Indian River Colony Club, Inc. v. Schopke Constr. & Eng'g, Inc., 619 So. 2d 6 (Fla. 5th DCA 1983) The Florida Supreme Court initially granted review to address this inter-district conflict, but later dismissed the petition for review upon the parties' stipulation. See Brooker v. Univ. Cmty. Hosp., Inc., 115 So. 3d 998 (Fla. 2013) (dismissing petition for review).

16

regarding defects not of a constitutional or fundamental character constitutes a waiver of such defects.") (citations and quotations omitted).

The outcome here might well be different had the jury returned a verdict of zero damages after being instructed by the trial court that it **must** award at least nominal damages if it found Rodriguez breached its duty to ASMO and that such breach was a legal cause of damage to ASMO. Compare Beverly Health & Rehab. Servs., Inc. v. Freeman, 709 So. 2d 549, 551 (Fla. 2d DCA 1998) ("[E]ven if nominal damages were awardable in this case, the jury's failure to award such damages would result in an inconsistent verdict, not an inadequate one. That is, the verdict would have been inconsistent **if the jury were required to award nominal damages** once it found that Beverly Health had violated Mr. Freeman's rights") (emphasis added).

But because the jury was instructed—without objection by either party—that it could, but was not required, to award nominal damages after finding Rodriguez breached a duty that was a legal cause of damage to ASMO, and because the jury returned a verdict consistent with those unobjected-to jury instructions and consistent with the directions provided on the verdict form, the jury's verdict was not legally inconsistent.

17

### 3. Was the jury's verdict inadequate?

We next turn to whether ASMO could properly challenge the award of $0 damages as inadequate, and seek a posttrial additur of nominal damages as a remedy. Because we have determined that the verdict was not legally inconsistent, we must also conclude that the award of $0 in damages cannot be inadequate—again, the jury did exactly what it was instructed it had the authority to do.

As a preliminary matter, we note this court has recognized that a "zero damage verdict for the plaintiff, even when coupled with a finding of liability against the defendant, may be tested for inadequacy," Steinbauer Assocs., Inc. v. Smith, 599 So. 2d 746, 748 (Fla. 3d DCA 1992), and that a party "may raise the issue of an inadequate verdict for the first time in a posttrial motion for additur." Ellender v. Bricker, 967 So. 2d 1088, 1091 (Fla. 2d DCA 2007). Here, the jury expressly found that Rodriguez's breach of duty was a "legal cause of damage to ASMO," but awarded ASMO zero dollars. We further note that, during the trial, ASMO presented no dollar amount for any purported compensatory damages, and requested nominal damages during closing argument. Following closing arguments, in legal arguments to the court, ASMO even conceded to the trial court that, on the breach of duty claim, the damages it sought were nominal, not actual.

18

Therefore, the question is whether the trial court had the authority to grant an additur to increase the jury's nominal damage award from $0 to $1. Given the unobjected-to jury instruction that authorized the jury to award $0 in nominal damages, the jury's award of zero damages cannot be challenged as inadequate. Steinbauer, 599 So. 2d 746. See also Plana, 990 So. 2d at 557 ("Because counsel for the plaintiffs agreed to the wording of the verdict form, instructing the jury to go no further if it concluded that Mr. Sainz's negligence was not the legal cause of Elena's injury, the plaintiffs are precluded from asserting that the zero damage award entered by the jury was error") (citing Papcun v. Piggy Bag Disc. Souvenirs, Food & Gas Corp., 472 So. 2d 880, 881 (Fla. 5th DCA 1985) (noting well-established Florida law that "failure to object to a verdict form regarding defects not of a constitutional or fundamental character constitutes a waiver of such defects")).

In sum, ASMO could not successfully argue that a zero verdict was inadequate where the jury was instructed otherwise, i.e., "If you decide that Defendants are liable but also that ASMO did not prove any loss or damage, you **_may_** still award ASMO nominal damages, such as one dollar." Again, "[t]he jury cannot be faulted for doing exactly what it was instructed to do." Plana, 990 So. 2d at 557.

19

We therefore reverse the trial court's order granting the $1 additur with directions to reinstate the verdict, which awarded $0 in damages to ASMO. Because the trial court must reinstate the original verdict— which awarded zero dollars in damages— we also reverse the trial court's order denying Rodriguez's motion for judgement in accordance with motion for directed verdict, as the return of a proper verdict of $0 in damages means ASMO failed to prove damages, an essential element of its breach of fiduciary duty claim.[6]  Globe Sec. Sys. Co. v. Mayor's Jewelers, Inc., 458 So. 2d 828, 830 (Fla. 3d DCA 1984) ("Unless there is a separate finding of actual or nominal damages—an essential element of the tort—the tort is not established notwithstanding a finding of liability by the jury"); see also 55 Fla. Jur 2d Torts

---

[6] We review de novo the trial court's ruling on a motion for directed verdict and motion for judgment in accordance with an earlier motion for directed verdict:

> An appellate court must evaluate the evidence in the light most favorable to the non-moving party, drawing every reasonable inference flowing from the evidence in the nonmoving party's favor. If there is conflicting evidence or if different reasonable inferences may be drawn from the evidence, then the issue is factual and should be submitted to the jury for resolution.

Miami-Dade Cnty. v. Eghbal, 54 So. 3d 525, 526 (Fla. 3d DCA 2011) (citations omitted).  A directed verdict should only be granted (or affirmed on appeal) "where no proper view of the evidence could sustain a verdict in favor of the nonmoving party."  Banco Espirito Santo Int'l, Ltd. v. BDO Int'l, B.V., 979 So. 2d 1030, 1032 (Fla. 3d DCA 2008) (quoting Owens v. Publix Supermarkets, Inc., 802 So. 2d 315, 329 (Fla. 2001)).

§ 3 ("Damage or injury resulting from the breach of duty and invasion of right is an element necessary to make a cause of action in tort; the question of liability is irrelevant if there are no damages") (citing McIntyre v. McCloud, 334 So. 2d 171, 172 (Fla. 3d DCA 1976)) ("Even assuming arguendo, that a 'wrong' (in the form of negligence) was perpetrated by the defendants on the plaintiff, it is, nonetheless, well-established in the common law that there is no valid cause of action where there is shown to exist, at the very most, a 'wrong' without 'damage'").

We turn to the final (and presumably the most practically significant) issue—indemnification.

### B. *The trial court erred in entering final summary judgment for Rodriguez on his counterclaim for indemnification*

1. In light of the jury's verdict finding ASMO proved a breach of fiduciary duty, Rodriguez was statutorily precluded from entitlement to indemnification

One might understandably assume that, because we have upheld the jury's award of no damages and directed the trial court to enter judgment in favor of Rodriguez on ASMO's claim for breach of fiduciary duty, Rodriguez would also be entitled to judgment in his favor on his counterclaim for indemnification (and thus relieving him of the obligation to repay ASMO for the attorney's fees and costs advanced to Rodriguez to defend the

21

underlying suit). However, we conclude Rodriguez was not entitled to indemnification because, under the relevant statutory scheme, indemnification was available to Rodriguez only if the underlying claim did not arise from his breach of fiduciary duties to ASMO. Therefore, ASMO needed to prove only that Rodriguez breached his duty of loyalty or duty of care to ASMO, which the jury by its verdict found ASMO had in fact proven, even if the jury also determined that no damages should be awarded to ASMO for that breach.

In light of the jury's determination, the plain language of sections 605.0408, 605.04091, and 605.0105, Florida Statutes (2016) (the Revised Limited Liability Company Act)[7] precluded the trial court from finding in favor

---

[7] As an initial matter, Rodriguez contends that, because ASMO's underlying lawsuit was filed in July 2014, and Chapter 605 (the Revised Limited Liability Company Act) took effect in January 2015, we must apply the provisions of Chapter 608 (the repealed Limited Liability Companies Act) in resolving the indemnification claim. We hold that Chapter 605 (not 608) controls, since the counterclaim for indemnification was filed in February 2016, well after the effective date of Chapter 605. Diversified Mortg. Inv'rs v. Benjamin, 345 So. 2d 392, 393 (Fla. 3d DCA 1977) ("It is the filing of the counterclaim which commences [a counterclaimant's] action, not the filing of the complaint.") We further note that Rodriguez's counterclaim for indemnification was permissive, not compulsory, could have been brought in a separate action, and did not accrue until the determination of liability on ASMO's claims. And finally, we note that the agreed-upon instructions provided to the jury tracked the current version of Chapter 605, not Chapter 608; Rodriguez does not challenge those instructions on appeal.

of Rodriguez on his indemnification claim. Section 605.0408(2), Florida Statutes (2016), provides:

> (2) A limited liability company may indemnify and hold harmless a person with respect to a claim or demand against the person and a debt, obligation, or other liability incurred by the person by reason of the person's former or present capacity as a member or manager *if the claim, demand, debt, obligation, or other liability does not arise from the person's breach of . . . 605.04091*.

(Emphasis added).

In turn, section 605.04091(1), Florida Statutes, provides standards of conduct for members and managers:

> Each manager of a manager-managed limited liability company and member of a member-managed limited liability company owes *fiduciary duties of loyalty and care* to the limited liability company and members of the limited liability company.

Section 605.04091(2)(b)-(c) then further provides that this duty of loyalty includes:

> 1) "Refraining from dealing with the company in the conduct or winding up of the company's activities and affairs as, or on behalf of, a person having an interest adverse to the company, except to the extent that a transaction satisfies the requirements of s. 605.04092"; and
>
> 2) "Refraining from competing with the company in the conduct of the company's activities and affairs before the dissolution of the company."

The statute next explains that the duty of care "in the conduct or winding up of the company's activities and affairs is to refrain from engaging

23

in grossly negligent or reckless conduct, willful or intentional misconduct, or a knowing violation of law." § 605.04091(3). Again, section 605.0408(2) precludes indemnification where the claim arises from a breach of any of these duties.

Here, the jury by its verdict expressly determined that "Luis Rodriguez breach[ed] his duty of care or his duty of loyalty to ASMO" and further found that "Luis Rodriguez's breach of the duty of care or the duty of loyalty [was] a legal cause of damage to ASMO." Pursuant to the unambiguous language of the above provisions in Chapter 605, Rodriguez cannot be entitled to (and ASMO cannot be obligated to provide) indemnification where the jury found he violated a duty of care or loyalty to ASMO. And given the plain language of the statute, the jury's failure to award even nominal damages to ASMO is irrelevant—the statutory prohibition of indemnification does not require that ASMO obtain a judgment in its favor on the breach of fiduciary duty claim (i.e., by proving all elements including damages). The jury's finding that ASMO proved Rodriguez breached his fiduciary duty was itself sufficient to statutorily preclude Rodriguez from entitlement to indemnification.

2. <u>The trial court erred in relying upon a provision in the Operating Agreement to award indemnification to Rodriguez where such a provision was expressly prohibited by section 605.0105(3), Florida Statutes.</u>

Rodriguez contends that, notwithstanding this statutory preclusion, the trial court was within its discretion to grant indemnification pursuant to the language of ASMO's Operating Agreement. It's true that the Operating Agreement purports to grant the trial court discretion in deciding whether to award indemnification:

> The Company shall indemnify and hold harmless any Person who was or is a party . . . to any threatened, pending or completed action or suit by or in the right of the Company to procure a judgment in favor by reason of the fact that such person . . . is or was a Member, Manager, director or officer of the Company . . . ***if such person's acts did not constitute gross negligence or willful misconduct and except that no indemnification shall be made in respect of any claim, issue or matter as to which such person shall have been adjudged to be liable to the Company <u>unless and only to the extent that the court in which such action or suit was brought shall determine upon application that, despite the adjudication of liability but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which the court shall deem proper.</u>***

(Emphasis added).

The trial court relied on this provision of the Operating Agreement, determining that Rodriguez was entitled to indemnification because "the circumstances of this case did not warrant Rodriguez having to incur

25

approximately $1 million defending a case, where the evidence demonstrated and ASMO admitted it did not suffer any damages."

However, the trial court's decision to grant indemnification pursuant to the above provision of the Operating Agreement was erroneous because Chapter 605 expressly prohibits an operating agreement from providing indemnification to a manager who has breached a duty of care or loyalty under section 605.04091.

Further, sections 605.0105(3)(g) & (p) together provide:

> **_An operating agreement may not_** do any of the following: . . .
>
> (g) Relieve or exonerate a person from liability for conduct involving bad faith, willful or intentional misconduct, or a knowing violation of law. . . .
>
> (p) **_Provide for indemnification for a member or manager under s. 605.0408 for any of the following_**: 1. Conduct involving bad faith, willful or intentional misconduct, or a knowing violation of law. 2. A transaction from which the member or manager derived an improper personal benefit. 3. A circumstance under which the liability provisions of s. 605.0406 are applicable. 4. **_A breach of duties or obligations under s. 605.04091_**, taking into account a restriction, an expansion, or an elimination of such duties and obligations provided for in the operating agreement to the extent allowed by subsection (4).

(Emphasis added).

As the plain language of section 605.0105(3) mandates, a manager who violates any of the above-listed duties is precluded from indemnification, and such statutory preclusion cannot be altered, modified or waived by the

Operating Agreement.  See Louis T. M. Conti, Gregory M. Marks, <u>Florida's New Revised LLC Act, Part II</u>, Fla. B.J., November 2013, at 47, 49 ("The prohibition of indemnification for such wrongful conduct cannot be changed by the operating agreement, nor can the operating agreement limit a person's liability to the LLC if his or her wrongful conduct causes damages (both are nonwaivable under F.S. §§ 605.0105(3) (g) & (p))").  As a result, and even if we agreed with the trial court's assessment regarding the "circumstances of the case," we are compelled to reverse its decision in favor of Rodriguez on his claim for indemnification.  Instead, and given the jury's verdict, which constituted a determination that Rodriguez violated his duty of care or duty of loyalty under section 605.04091, Rodriguez was statutorily precluded from entitlement to indemnification, notwithstanding the provision in the Operating Agreement purporting to confer discretion upon the trial court to do otherwise.  The trial court should instead have granted ASMO's cross-motion for summary judgment on Rodriguez's counterclaim for indemnification.

## IV.  CONCLUSION

On ASMO's appeal, we reverse the final summary judgment in favor of Rodriguez on his counterclaim for indemnification, and remand with instructions to enter final judgment in favor of ASMO on the counterclaim for

27

indemnification.   On Rodriguez's cross-appeal, we reverse the trial court's order granting additur, reinstate the jury's verdict and award of $0 damages, and remand with instructions to enter final judgment in favor of Rodriguez on the breach of fiduciary duty claim.

Reversed and remanded with directions.